89    51
32a  316

89    51
211   3  83

ANTHONY STEELE, Exr.

*v.*

ELIZABETH STEELE *et al.*

1. APPEAL—*from county to circuit court.* An appeal lies from the county to the circuit court in all matters arising under the statute relating to the administration of the estates of deceased persons, and this includes orders or decrees made granting leave to sell real estate to pay debts.

2. SAME—*statute construed.* Section 188 of chapter 37, Rev. Stat. of 1874, does not, either expressly or by implication, repeal any part of section 123 of chapter 3, Rev. Stat. 1874, but appeals may, in the discretion of the party appealing, be prosecuted as provided by either section.

3. EVIDENCE — *minutes of county clerk.* Minutes of the county clerk, to the effect that an executor had been ordered to give an additional bond, and upon his failure to do so was removed, are not admissible in evidence for any purpose. But if such are the facts, the record may be amended so as to show it, and the record, when amended, will constitute the only proper evidence of removal.

4. ADMINISTRATION—*removal of administrator does not defeat an application to sell real estate.* The fact that an executor or administrator has been removed after petition has been filed to sell lands to pay debts, is no reason for the dismissal of the proceeding. The proceeding can only be delayed until a properly qualified executor or administrator shall be found to proceed.

APPEAL from the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding.

Mr. ABRAM G. GORDON, and Mr. J. BLACKBURN JONES, for the appellant.

Mr. J. PERRY JOHNSON, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a petition by appellant, as executor of the last will and testament of John Steele, deceased, addressed to the county court of Randolph county, for a decree for the sale of real estate to pay debts.

An appeal was prayed and perfected, from the order of the county court refusing the prayer of the petition, to the circuit court.

Appellees moved that the circuit court dismiss the appeal because "Anthony Steele was not, and had not been since the 25th of May, 1875, executor of the estate of John Steele, deceased," and because no appeal lies in such cases from the county to the circuit court. The court dismissed the appeal on the ground that no appeal lies in such cases from the county to the circuit court.

This ruling of the court was erroneous. The right of appeal from the county to the circuit court, is expressly given by § 123, chap. 3, Rev. Stat. 1874, in all matters arising under that chapter, which includes decrees for sale of lands to pay debts (see § 129), and we have held that § 188, of chap. 37, Rev. Stat. 1874, does not, either expressly or by implication, repeal any part of § 123, chap. 3, but that appeals may be, in the discretion of the party appealing, prosecuted as provided by either section. *Fowler* v. *Pirkins*, 77 Ill. 271; *Ashford* v. *The People*, 82 id. 214; *Johnson* v. *The People*, 84 id. 377.

And we are also of opinion that the court would not have been authorized to dismiss the appeal on the other ground insisted upon in appellees' motion. There seems to have been no other evidence, in support of the motion, than certain minutes of the county clerk, to the effect that the executor had been

ordered to make and file an additional bond, and that, upon his failure to do so, he was removed. These minutes were inadmissible for any purpose. *McCormick* v. *Wheeler et al.* 36 Ill. 114. If the fact was as claimed, application should have been made to the county court to have the record so amended as to show it, and the record, when amended, would have constituted the only proper evidence of the fact of removal.

But we do not conceive the fact that an administrator or executor has been removed after petition has been filed to sell lands to pay debts, is any reason why the suit should be dismissed. It is a sufficient and conclusive reason why the individual removed should not be allowed to further interfere with or control the proceeding, but he has no personal interest in the case, and his disability to act should not affect its prosecution. Such a proceeding is, where the personal property is insufficient to pay debts, an indispensable one in the administration of the estate. There is no reason why the change of executors or administrators should burden the estate with costs, or be allowed to defeat or delay creditors in the collection of their debts.

It is sufficient, in such cases, that the proceeding be delayed until a properly qualified executor or administrator shall be found to proceed, but we apprehend there can be no reason why the proceeding shall be dismissed.

The decree is reversed and the cause remanded.

*Decree reversed.*