## REBECCA MORRIS ET AL.
### v.
## HENRY MORRIS ET AL.

1. APPEAL FROM COUNTY COURT TO APPELLATE—PROBATE JURIS-DICTION.—An appeal to the Appellate Court from the County Court of Kane county, in a matter relating to the sale of real estate to pay widow's award, will not lie.

2. SAME.—No statute, it is believed, now exists in force, defining the jurisdiction or regulating the practice of the county courts, that by express terms allows an appeal to the Supreme or appellate courts from the orders, judgments or decrees of a county court, entered by it in the exercise of its probate jurisdiction. None of the acts of the Legislature, relating to the organization, jurisdiction, practice or proceedings of the appellate courts have conferred upon such courts jurisdiction of appeals from the county courts in cases of the kind under consideration.

3. SECTION 67 OF PRACTICE ACT.—The term "other courts," used in section 67 of the Practice Act, does not apply. There is no appeal to the Supreme Court in this case, and Kane county is not one of that class of counties entitled by law to a probate court.

APPEAL from the County Court of Kane county; the Hon. J. W. RANSTEAD, Judge, presiding. Opinion filed December 28, 1882.

The appellants, executors of the estate of Morris, applied to the County Court of Kane county for leave to sell real estate to pay debts proved against the estate, including $1,286 allowed to the widow, the appellant Rebecca, as her award, she having elected to take money instead of the specific articles named in the statute. The court, upon the hearing, denied the prayer of the petition so far as the claim of the widow was involved, and ordered sale of enough of the real estate to pay the other claims proved against the estate, and the executors appealed to this court.

The appellees entered their motion in this court to dismiss the appeal for want of jurisdiction, which motion was reserved until the hearing of the cause.

Mr. A. J. HOPKINS, and Messrs. N. J. ALDRICH and W. R. S. HUNTER, for appellants; cited R. S. Ill. 1880, Chap. 3, § 76.

The award of a widow where she elects to take money, is a. demand against the estate and it is not less so when it becomes necessary to resort to a sale of the real estate to discharge it:   Rector v. Reavill, 3 Bradwell, 232; Cruce v. Cruce, 21 Ill. 46; Deltzer v. Scheuster, 37 Ill. 301; Horner's Probate. Law, § 204.

Appellants have a right to appeal directly to this court: Eager v. Eager, 8 Bradwell, 356.

Mr. Sam. Richolson and Messrs. Botsford, Barry & Russell, for appellees; that the motion of appellees to dismiss this appeal should prevail, cited R. S. Ill. 1880, Chap. 3, §§ 68-123; Chap. 37, §§ 187–188; R. S. Ill. 1872, Chap. 109, §§ 71-131; Frizell v. Rogers, 82 Ill. 109; R. S. Ill. 1874, Practice Act, § 187; Steele v. Steele, 89 Ill. 51; R. S. Ill. 1877, Appellate Court Act, § 8; R. S. Ill. 1879, Practice Act, § 88.

The claim of a widow for the widow's award out of the personal property of an estate, is not a " demand " against the estate in the same sense as the claim of a creditor: Miller v. Miller, 82 Ill. 463.

The title to such specific articles, on the death of the husband, vests in the widow although they have not been set off to her: York v. York, 38 Ill. 522.

The election of the widow is confined to the personal property, or the money arising from its sale, or that may be on hand: Cruce v. Cruce, 21 Ill. 46; R. S. 1880, Chap. 3, § 75; Strawn v. Strawn, 53 Ill. 263.

If the widow claims benefits from the will, she must respect those designed to be bestowed upon others: Deltzer v. Scheuster, 37 Ill. 301

Pillsbury, P. J.   The motion to dismiss the appeal having been taken with the cause, is now properly before us for consideration, and will first receive our attention, for if it prevails no other question need be noticed.

The right to an appeal is conferred alone by statute, it not being recognized at common law, and, unless the statute gives the right of appeal in this case to the appellate court, the motion must be sustained and the appeal dismissed.

The act in regard to administration of estates, Chap. 3, R. S., was approved April 1, 1872, and by Sec. 123, appeals were allowed from all judgments, orders and decrees of the county court, in all matters arising under that act, to the circuit court, and from the circuit court to the Supreme Court as in other cases.

By the act of March 20, 1874, R. S. 1874, page 339, the jurisdiction of the county courts was extended to a certain class of common law and criminal cases, and its probate jurisdiction defined and the practice regulated, and in regard to appeals, Sec. 122 provides that "appeals may be taken from the final orders, judgments and decrees of the county courts to the circuit courts of their respective counties, in all matters, except as provided in the following section, upon the appellant giving bond and security in such amount and upon such conditions as the court shall approve, except as otherwise provided by law. Upon such appeal the case shall be tried *de novo*."

Section 123, containing the exceptions referred to in Sec. 122, declares that "appeals and writs of error may be taken and prosecuted from the final orders, judgments and decrees of the county court to the Supreme Court, in proceedings for the sale of lands for taxes and special assessments, and on the application of executors, administrators, guardians and conservators, for the sale of real estate.

"Such appeals and writs of error shall, when not otherwise provided, be taken and prosecuted in the same manner as appeals from and writs of error to circuit courts." This last section did not operate to repeal Sec. 123 of Chap. 3, R. S., above quoted, which allows appeals to the circuit court.

The two enactments being in force at the same time gave an appellant the election in applications to sell real estate, to take the cause either to the circuit court and there obtain a trial *de novo*, or directly to the Supreme Court, there to be heard upon errors assigned upon the record made and certified by the county courts. This was so held in Steele v. Steele, 89 Ill. 51, and an appeal there taken to the circuit court from the county court sustained. The act of May 21,

Morris et al. v. Morris et al.

1877, Sess. Laws, page 77, amended Sec. 123 of the County Court Act so as to read as follows: "Appeals and writs of error may be taken and prosecuted from the final orders, judgments and decrees of the county court to the Supreme Court, or appellate court, should such court be established by law, in proceedings for the sale of lands for taxes and special assessments, and in all common law and attachment cases, and cases of forcible detainer, and forcible entry and detainer. Such appeals and writs of error shall, when not otherwise provided, be taken and prosecuted in the same manner as appeals from and writs of error to circuit courts." This section as amended omits that clause of the original section allowing appeals to the Supreme Court in proceedings for the sale of real estate by executors, etc., and consequently deprives a party of the right of election that we have noticed he had under the former statute. This same section was further amended by act of May 21, 1881, Sess. Laws, page 66, but in a particular not necessary to notice in the discussion of the present question.

It is clear that Sec. 123 of Ch. 37, as now amended, does not give the right of appeal to the Supreme Court in cases of the kind now before us, and that the legislation thus far referred to, leaves the right of appeal as provided for in Sec. 123, Ch. 3, and in Sec. 122, Ch. 37, and that such appeals are to be taken to the circuit courts, and that the trial upon such appeals is to be *de novo*. No statute has been cited by counsel, and it is believed that none exists now in force, defining the jurisdiction or regulating the practice of the county courts, that by express terms allows an appeal to the Supreme or appellate courts from the orders, judgments or decrees of the county court entered by it in the exercise of its jurisdiction in matters of probate and the settlement of estates of deceased persons, generally known as its probate jurisdiction. It remains to inquire whether any of the acts of the Legislature relating to the organization, jurisdiction, practice or proceedings of the appellate courts have conferred upon such courts jurisdiction of appeals from the county court in cases of the kind under consideration. The eighth section of the act es-

tablishing appellate courts, Sess. Laws, 1877, page 69, conferred appellate jurisdiction upon the appellate courts in all matters of appeals, or writs of error from the final judgments, orders or decrees of any of the circuit courts, or the Superior Court of Cook county, or from the city courts in any suit or proceeding at law, or in chancery other than criminal cases, and cases involving a franchise, or freehold, or the validity of a statute.

The sixty-seventh section of the Practice Act, Sess. Laws, 1877, page 148, was amended on the same day that the Appellate Court Act was passed, and by it "Appeals from and writs of error to all circuit courts, the Superior Court of Cook county, and city courts, and from all other courts from which such appeals and writs of error may be allowed by law, may be taken to the appellate courts from all final judgments, orders and decrees except as hereinafter stated."

The exceptions here referred to, are found in the eighty-eighth section, which as amended June 3, 1879, Sess. Laws, 222, provides that "Appeals and writs of error to circuit courts, the Superior Court of Cook county, the Criminal Court of Cook county, county courts and city courts, in all criminal cases below the grade of felony, shall be taken directly to the appellate court, and in all criminal cases above the grade of misdemeanors, and cases in which a franchise or freehold, or the validity of a statute, or construction of the constitution is involved, and in all cases relating to revenue, or in which the State is interested as a party or otherwise, shall be taken directly to the Supreme Court."

It is seen from these provisions of the statute, which are the only ones regulating the practice, or conferring jurisdiction upon the appellate courts that can be claimed to give the power to this court to take cognizance of this appeal, that the county court is not named as one of the courts from which an appeal to or writ of error from, this court will lie, except in the amended eighty-eighth section of the Practice Act, and that is confined to writs of error from this court to the county court in criminal cases.

The point is made, however, that a proper construction of the sixty-seventh section of the Practice Act sustains this ap-

peal, the argument being that the phrase, "and other courts from which such appeals and writs of error may be allowed by law," is broad enough to include county courts; and the case of Eager v. Eager, 8 Bradwell, 356, is confidently relied upon as conclusive of the question.

In that case an appeal was taken from the Probate Court of Cook county, a court established by the act of April 27, 1877, Sess. Laws, page 79, providing for probate courts in all counties having a population of one hundred thousand, the twelfth section of which allowed appeals and writs of error to be taken and prosecuted from the final orders, judgments and decrees of that court to the Supreme Court in proceedings on the application of executors, administrators, guardians, and conservators, for the sale of real estate.

The Appellate Court of the First District in the case referred to, held that, as that act allowed an appeal to the Supreme Court from the probate court, section sixty-seven of the Practice Act being subsequently passed, conferred jurisdiction upon the court to hear and determine such appeal, and controlled the allowance of the appeal in the probate court to the appellate court. That the term "other courts" in said section of the Practice Act embraced probate courts, and that probate courts were not excluded by the exceptions contained in the eighty-eighth section of the same act.

Whether the court in Eager v. Eager, correctly construed the Practice Act, we shall not stop to inquire, as it is evident that that decision can have no application to the case at bar. There an appeal was allowed by law to the Supreme Court from the probate court, and the only question was whether subsequent legislation had substituted the appellate court for the Supreme Court. The court did not hold that any appeal allowed from another court to the circuit court to be tried *de novo*, was such an appeal that under the Practice Act should be taken to the appellate court.

We take judicial notice that Kane county is not one of that class of counties entitled to a probate court under either the original act or the amendatory act of April 27, 1881, reducing the population required to seventy thousand. The County

Court of Kane county is the only court in that county having original jurisdiction in probate matters, and as we have seen there is no appeal from that court in such matters to this court.

The appeal must be dismissed.

Appeal dismissed.