## P. E. LEWIS ET AL.
### v.
## NANCY R. FLOWREE, ADMINISTRATRIX, ETC.

*Practice—Appeals from County Court.*

An appeal to the Circuit Court from an order entered by the County Court, on petition of an administratrix to sell real estate, may be granted at any time during the term. The time for appeal is not limited to twenty days.

[Opinion filed February 14, 1890.]

IN ERROR to the Circuit Court of Mason County; the Hon. L. LACEY, Judge, presiding.

Messrs. I. R. BROWN and B. S. PRETTYMAN, for plaintiffs in error.

Lewis v. Flowree.

Messrs. WALLACE & LACEY, for defendant in error.

WALL, J. This was a proceeding originating in the County Court of Mason County, upon a petition by an administratrix, for leave to sell real estate to pay debts. An order of sale having been entered according to the petition, an appeal to the Circuit Court was prayed for by the present plaintiffs in error, which was granted "upon filing good and sufficient appeal bond in the sum of one hundred dollars." This, as well as the order of sale, was entered on the 8th of October, 1888.

Afterward, on the 30th of October, 1888, being one of the days of the same term of court, the following was entered: "And now on this day come the defendants herein, viz.: Eliza Lewis, alias Elizabeth Lewis, Samuel Flowree, Edward Lewis, Lillie Lewis and Mary Webb, by I. R. Brown, their attorney, and file appeal bond herein, in the penal sum of one hundred dollars, signed by E. E. Lewis, P. E. Lewis, W. H. Flowree, S. C. Flowree and Lewis Davenport, as security. And the court deeming the said bond good and sufficient, the same is approved and appeal granted in accordance with the prayer of said defendants."

In the Circuit Court the administratrix moved to dismiss the appeal because the bond was not filed within twenty days of the decree of sale. This motion was sustained and the appeal dismissed. Error is now assigned upon this ruling of the Circuit Court. The defendant in error argues that the matter is controlled by the provisions of Sec. 124, Ch. 3, R. S. It was held in Darwin v. Jones, 82 Ill. 107, that the appeal must be perfected by filing bond within twenty days after the entry of the order or decree appealed from, and if this appeal depended upon that section it was not properly perfected. It is urged, however, on behalf of plaintiffs in error, that the appeal may be sustained under Sec. 122, Chap. 37, R. S., Starr & C. Ill. Stat. 729, which provides that "appeals may be taken from the final orders, judgments and decrees of the County Courts to the Circuit Courts of their respective counties in all matters, upon the appellants giving bond and security in such amount and upon such conditions as the court shall approve, except as otherwise provided by law."

There is no necessary repugnance between Sec. 124, Chap. 3, and the section last quoted. Both may stand and either may be invoked in taking an appeal from the County to the Circuit Court. Bruce v. Schuyler, 4 Gilm. 221; Fowler v. Pirkins, 77 Ill. 271; Steele v. Steele, 89 Ill. 51.

Then the question is as to the true construction of the last named section—122, Chap. 37. Suppose reliance is had solely upon the order of October 30th; can the appeal be sustained? The order of October 8th is silent as to the time when the bond was to be filed, and as to the sureties thereon, and it may be doubted whether that order alone would have been sufficient to support an appeal. Who was to determine whether the bond was filed in due time, if the time was not fixed by statute—or whether the sureties were good for the amount?

Disregarding the order of October 8th or considering it as interlocutory merely—the order of October 30th contains all that is requisite to authorize an appeal. It recites that a bond in a certain amount and with certain sureties had been filed, and that the court, deeming the bond sufficient, approved the same and granted an appeal as prayed. This order is complete in and of itself—and the only question seems to be whether it was competent to make it, or any order granting an appeal, at any time during the term, though more than twenty days after entering the decree of sale. We entertain no doubt it is competent to do so under Sec. 122, Ch. 37, and whatever meaning may be attached to the words "except as otherwise provided by law," they were not intended to limit the power of the court to grant an appeal at any time during the term at which the order sought to be appealed from was entered.

Whether these words qualify the general right of appeal or merely the power of the court in reference to the amount and conditions of the bond so as not to interfere with what may be "otherwise provided by law," we need not inquire. There is here given express authority to the County Court to approve the amount and conditions of the bond, and impliedly to grant an appeal upon such terms as it may thus impose, and this is a power which, by all analogies, may be exercised at any time during the term, but not thereafter, at

which the order appealed from was made.  It is not limited by the words " as in other cases," contained in Sec. 124, Chap. 3.

If we are correct in this view, it was error to dismiss the appeal.  The judgment is. reversed and the cause remanded.

*Reversed and remanded.*