Mertz v. Mehlhop.

## William K. Mertz v. J. A. Mehlhop, et al.

1. SURETY—*right of, to appeal from order against principal.* A surety upon a guardian's bond may appeal from an order restating the account of his principal as guardian of a minor.

2. NUNC PRO TUNC ORDER—*authority of court to enter.* In the absence of a showing, a court has no power to direct that an order actually entered at one term be spread upon the record *nunc pro tunc* as of a day of a previous term.

3. APPEAL BOND—*by whom, to be approved.* Where an appeal is taken from an order entered by a court of probate in the estate of a minor, the bond must be approved by the court, and authority to approve the same cannot be delegated to the clerk.

4. APPEAL BOND—*when irregularity in, will not defeat appeal.* A cross-motion for leave to file a new bond should be allowed and a motion to dismiss an appeal denied where the irregularity urged and sought to be cured was merely in the appellant's having his bond approved by the clerk when it should have been approved by the court in person.

Contest upon guardian's account. Appeal from the Circuit Court of Mason County; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the May term, 1904. Reversed and remanded. Opinion filed November 18, 1904.

L. LACEY, JR., and M. McCLURE, for appellant.

I. R. BROWN, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

On March 4, 1901, Josephine Brown, as guardian of her minor children, filed her report in the County Court of Mason county, and tendered her resignation as such guardian. Objections were filed to the report, and a hearing had thereon September 18, 1902. The matter was taken under advisement by the court, and it was stipulated that the final order in the premises should be filed as of the date of the hearing. On October 10, 1902, an order was entered sustaining the objections to the report and reforming the same, and on October 18 following, appellant, as surety upon the guardian's bond, prayed an appeal to the Circuit Court, which was allowed upon his filing an appeal bond

in the sum of $200 with security to be approved by the clerk.  Appellant filed his appeal bond in pursuance to such order and the record was duly certified to the Circuit Court. In the Circuit Court, appellee moved to dismiss the appeal upon the following grounds : first, because the appeal was not taken by any person in interest in the proceedings or aggrieved by the finding of the County Court; second, because the appeal was not perfected within twenty days from September 18, 1902; third, because no appeal was prayed within twenty days after the filing of the final order in the case; fourth, because the appeal bond was approved by the county clerk; fifth, because the bond was not approved by the county judge who tried the case; and sixth, because the bond was not approved by the county judge of Mason county.  Thereupon appellant filed his cross-motion for leave to file a good and sufficient appeal bond.  The court overruled appellant's cross-motion and sustained appellees' original motion and dismissed the appeal.  This appeal is prosecuted to reverse such order of dismissal.

In her report as originally filed by the guardian, she charged herself with the sum of $2,236.31 which amount included among other items, the sum of $2,098.32, cash received from the master in chancery, and asked credit for the sum of $1,452.86, which amount included, among other items, the sum of $1,049.16 paid to R. W. Mills, as per her written agreement to pay him one-half of the amount realized from the sale of certain real estate belonging to her wards, the sum of $2,098.32 reported as received by her from the master in chancery presumably being the proceeds in his hands realized from said sale.  The balance in her hands, as reported by her, amounting to $783.45, she brought into court.  The County Court on the hearing upon the objections to the guardian's report, restated her account, eliminating therefrom the debit item of $2,098.32 and the credit item of $1,452.86.  By the account as restated, there appeared to be due to the guardian from her wards, the sum of $203.50.

Appellant as the surety on the guardian's bond, if aggrieved by the judgment of the County Court restating her account, had the right to pray an appeal from such judgment and to have his appeal allowed.  Weer v. Gand, 88 Ill. 490.  If the sum of $2,098.32, received by, and charged to the guardian, as appears from her original report, was money belonging to her wards, properly coming into her hands as their guardian, she was required to report the receipts and disbursements on account of the same, to the County Court, and appellant as surety on her bond was interested in such report and in its disposition by the court. The determination of the questions, whether or not appellant was so interested, and whether or not he was aggrieved by the judgment of the County Court in the premises, involved a consideration of the merits of the case.  Waiving the question as to whether the appearance by appellees in the court below should be held to be a general appearance, giving the court jurisdiction to determine the case upon its merits, or a special appearance only, for the determination of the jurisdictional questions involved, it appears affirmatively from the record, that the court did not assume to consider and determine the merits of the case upon the first ground assigned in appellee's motion to dismiss the appeal, but overruled appellant's cross-motion and dismissed his appeal upon consideration of one or more of the five remaining grounds assigned in that motion.

The cause was heard by the County Court on September 18, 1902, one of the days of the September term.  It was determined, and the order entered by the court October 10, 1902, one of the days of the October term.  Upon the latter day the court had no authority to direct the order then entered to be filed *nunc pro tunc* as of September 18, and one could not be created as of that date, by an order *nunc pro tunc*.  Lindauer v. Pease, 192 Ill. 456.  Appellant's right to pray an appeal did not accrue to him until the entry of the order by the County Court on October 10, 1902.  We do not hold that appellant was required to pray an appeal and have it allowed and perfected within twenty

days from the date of the entry of the order (Lewis v. Flowree, 32 Ill. App. 314), but if we were constrained so to hold, it appears that the appeal in question in this case was prayed and allowed October 18, 1902, being within eight days after the entry of the order, and was perfected October 21, 1902, being within eleven days after the entry of the order.

Section 43 of chapter 64, relating to Guardian and Ward, which provides that appeals shall be allowed to the Circuit Court upon the appellant giving such bond and security as shall be directed by the court, must, in our opinion, be construed as requiring the court granting the appeal to approve the appeal bond, and does not empower the court to delegate such authority to the clerk. In this case the County Court erroneously authorized the clerk to approve the appeal bond, and such bond was approved by the clerk in pursuance to such authority. Appellant having, in good faith, attempted to perfect his appeal in obedience to the order of court, his appeal should not be dismissed for the irregularity in respect to the approval of the bond, where he files a cross-motion for leave to file a good and sufficient bond. Hepner v. Hepner, 112 Ill. App. 598.

Because the court overruled appellant's cross-motion to file a good and sufficient appeal bond, and sustained appellees' motion to dismiss the appeal, the judgment dismissing the appeal is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*