## Sylvester Witter v. Estate of Catherine Witter.

65    335
93    ¹527

1. APPEALS—*From Orders Removing Administrators.*—In an appeal from an order removing an administrator, the appeal bond can not be filed in the Circuit Court, and if so filed the appeal is properly dismissed.

2. SAME—*Improper Parties.*—The county judge and county clerk are in no sense parties to an appeal from an order removing an administrator.

Removal of an Administrator.—Appeal from the Circuit Court of Wayne County; the Hon. CARROLL C. BOGGS, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed June 18, 1896.

HANNA & HANNA, attorneys for appellant.

CREIGHTON & KRAMER, attorneys for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellant was appointed administrator of appellee estate, and on the 11th day of December, 1895, at some

hearing of matters of the estate, then before the County Court, the court removed appellant as administrator, under the alleged power granted by Sec. 26, Chap. 3, on the ground that letters of administration were obtained by false pretenses, from which order of removal the appellant then and there prayed for and obtained an order for appeal to the Circuit Court, "upon giving bond in the sum of one hundred dollars by December 25, 1895." An appeal bond was filed in the office of the clerk of the Circuit Court on the 23d day of December, 1895, and on same day a summons was issued by the circuit clerk to the sheriff, commanding him to "summon the said W. T. Bonham, County Judge, and A. L. Wall, County Clerk, to be and appear before said Circuit Court on the first day of the next term thereof * * * and abide by and perform the judgment of the said court in the premises."

A transcript of the proceedings of the County Court in the matter of the removal of appellant was duly filed in the office of the circuit clerk. On the first day of the term of the Circuit Court, on motion, the appeal was dismissed "on the ground that no appeal bond was filed in the County Court, from which order this appeal was taken."

The appeal was properly dismissed. There was no warrant of law for filing the appeal bond in the office of the circuit clerk. The appellant seems to rely on sections 68 and 124 of chapter 3 for authority. Those sections, however, expressly provide for the County Court approving the appeal bond. Sec. 68 expressly provides that the bond shall "be approved by the county judge," and Sec. 124 that "bonds with security to be fixed by the County Court" shall be filed, necessarily implying that the fixing of the amount, condition, time of filing, and approval of the bond, is with the County Court.

The county judge and clerk should not have been brought into the case. They were in no sense parties to it.

The judgment is affirmed.