JOHN DOBSON *et al.*

*v.*

ANNA B. HUGHES, EXrx.

*Opinion filed November 1, 1897.*

1. APPEALS AND ERRORS—*order allowing appeal must be complied with.* Failure of appellant, on appealing a case from the county to the circuit court, to have the sureties on his appeal bond approved by the county court in accordance with the order allowing the appeal, is ground for dismissal of the appeal in the circuit court.

2. SAME—*when motion for leave to file sufficient bond must be denied.* A cross-motion in the circuit court for leave to file a sufficient appeal bond, made by the appellant upon motion by the appellee to dismiss the appeal for failure to have the county court approve the bond given, must be denied, in the absence of anything in the record indicating an attempt to have the bond so approved.

3. BILL OF EXCEPTIONS—*when action of court can be shown only by bill of exceptions.* The facts that a good and sufficient appeal bond was presented by the appellant to the court for approval within the time allowed, and that the court refused to approve the bond for reasons not the fault of the appellant, can be shown only by bill of exceptions.

*Dobson* v. *Hughes,* 66 Ill. App. 487, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

BULKLEY, GRAY & MORE, and L. S. HODGES, for appellants:

When an unsuccessful party litigant appeals, and in good faith attempts to comply with the order of the court allowing the appeal by executing and filing an appeal bond, and such bond proves to be insufficient, it is the duty of the court to permit such party to file, within a reasonable time, a bond which is sufficient. An absolute refusal to do so, which deprives the party of the benefit of his appeal, is an abuse of judicial discretion. *Dunnaway* v. *Campbell,* 59 Ill. App. 665.

Dismissal should not be allowed for insufficiency of bonds, except on failure to file a good and sufficient bond in a time fixed by the court. *Horner* v. *Goe*, 64 Ill. 178.

An appeal from the probate court may be perfected in the same manner as an appeal from a justice of the peace. *Darwin* v. *Jones*, 82 Ill. 107; *Beardsley* v. *Hill*, 61 id. 354.

If the error complained of is shown upon the face of the record proper, no bill of exceptions is necessary. *Baldwin* v. *McClelland*, 50 Ill. App. 652.

Section 69, chapter 79, of the Revised Statutes, provides: "No appeal from a justice of the peace shall be dismissed for any informality in the appeal bond, but it shall be the duty of the court before whom the appeal may be pending, to allow the party to amend the same within a reasonable time, so that a trial may be had upon the merits of the case."

John P. Ahrens, for appellee:

There can be no appeal unless it is perfected by giving bond as required by the order of the court granting the appeal. *Leach* v. *People*, 118 Ill. 157.

Where the appeal bond is not approved within the prescribed time the appeal will be dismissed. *Rozier* v. *Williams*, 92 Ill. 187; *Kemper* v. *Waverly*, 81 id. 278.

It is only by virtue of the statute that an appeal can be taken in any case, and to be valid the substantial requirements of the enactment must be observed. Whether the power to approve security to such a bond be judicial or ministerial does not matter, as the law has conferred it on the court, and has failed to authorize it to delegate the power to the clerk or any one else. *Mining Co.* v. *Pulling*, 89 Ill. 58.

Mr. Justice Wilkin delivered the opinion of the court:

This is an appeal from the judgment of the Appellate Court affirming an order of the circuit court dismissing an appeal to that court from the county court. The or-

der of the county court allowing the appeal to the circuit court required the appellants to present their bond within twenty days, conditioned, according to law, in the sum of $200, with sureties to be approved by the court. When the record reached the circuit court it showed that the order allowing the appeal had not been complied with, there being nothing to show that the county court had approved the bond, therefore, on the motion of appellee, upon the face of the record the circuit court could do no less than dismiss the appeal. A cross-motion was made for leave to file a sufficient bond, but it was properly disallowed, for the reason that, so far as shown by this record, there was nothing to indicate an attempt in the county court to comply with its order. The defect is not merely an informality in a bond, but a failure to perfect the appeal by a compliance with the order of court allowing it. Suppose the circuit court had granted leave to file a sufficient bond and one had been filed which that court could approve, still, the order allowing the appeal would not have been complied with because it required the sureties to be approved by the county court. If attempt was made to file a bond in fact approved by the county court, within twenty days, that bond should have appeared in the record in some way, so that the court could see that it had complied with the order of the county court granting the appeal. If the attempt was to show that a good and sufficient bond was presented to the county court within the time required, with good and sufficient sureties, and that court failed to approve it for any reason not the fault of appellants, then clearly those facts could only be shown by a bill of exceptions.

Our conclusion is that there is no view of this case in which the order of the circuit court dismissing the appeal can be said to be erroneous.    *Order affirmed.*