### Remina Blood et al. v. George C. Harvey, Adm'r.

1. APPEALS—*From County to Circuit Courts—Bonds.*—Section 69 of the Practice Act, which authorizes the clerk to approve an appeal bond, has no reference to appeals from a County Court to the Circuit Court.

2. SAME—*Where Taken Jointly All Must Join.*—Where an appeal is allowed jointly to several parties, all must join in the execution of the bond or the appeal will fail.

3. SAME—*Where the Judge Must Approve the Bond.*—Upon an appeal from the County to the Circuit Court, the County Court fixes the amount of the bond and its conditions and approves the security. Such powers can not be delegated to the clerk.

4. SAME—*Compliance with Conditions.*—Where the parties to a suit join in praying an appeal, and it is allowed on condition that they execute a bond, such condition must be complied with or the appeal will fail.

**Administration of Estates.**— Proceeding in probate. Trial in the Circuit Court of Wabash County; the Hon. PRINCE A. PEARCE, Judge, presiding. Finding and judgment for petitioners; appeal by defendants. Heard in this court at the August term, 1898. Reversed and remanded with directions. Opinion filed March 10, 1899.

S. Z. LANDES, attorney for appellants, contended that so much of the County Court order as authorized the county

clerk to approve the appeal bond is nugatory. Bowlesville M. & M. Co. v. Pulling, 89 Ill. 58; McGowan v. Duff, 41 Ill. App. 57.

M. H. Mundy, attorney for appellee.

As to the right to perfect an appeal bond in the court appealed to, if insufficient after complying with the order of the court allowing the appeal, see Dunaway v. Campbell, 59 Ill. App. 665, where it is held that it would be an abuse of the court's discretion to not allow it perfected on motion.

Dismissal should not be allowed for insufficiency of bond, except on failure to file good bond in time fixed by the court. Horner v. Goe, 54 Ill. 285.

Appeals from the Probate Court may be perfected in the same manner as an appeal from a justice of the peace. Darwin v. Jones, 82 Ill. 107; McGowan v. Duff, 41 Ill. App. 57.

Mr. Justice Bigelow delivered the opinion of the court.

George C. Harvey, administrator with the will annexed of the estate of Robert E. Wright, deceased, having given due notice of his intention so to do, on the 8th day of December, 1897, appeared before the County Court of Wabash County for the purpose of making final settlement of the estate. At the same time appellants, Remina Blood, Clarinda Fry, Mary J. Warner and Alice Ann Turner, daughters of deceased, appeared and presented to the court their petition, praying that the moneys and property in the hands of the administrator be turned over to them in certain proportions, and on certain conditions, as their property. A hearing was had on the petition, and an order of the court was entered granting the prayer of the petitioners. The record recites, at the close of the order, the following:

"The heirs of Eliza J. Wright pray for an appeal to the Circuit Court of Wabash County, which is allowed, upon an appeal bond being filed within twenty days in the penal sum of $100, conditioned according to law, security to be approved by the clerk of this court."

Robert E. Wright died testate about October 1, 1895,

leaving Eliza J., his widow, who renounced the will, and afterward died, leaving three children, Charles Warner, Gus Warner and Ella Burns, surviving her as her only heirs.

December 27, 1897, an appeal bond, executed by Ella Burns, with two sureties, was filed in the office of the county clerk of Wabash county, and by him approved.

On the first day of the April term of the Circuit Court following, and before taking any steps in the case, petitioners filed their motion to dismiss the appeal and the opposing party entered a cross-motion to perfect the appeal bond by having the county judge approve it. The cross-motion was allowed and petitioners excepted. The county judge, on the day following the allowance of the cross-motion, approved the bond, and the Circuit Court overruled petitioners' motion and petitioners excepted.

A jury was waived and the cause was tried by the court, which reversed the judgment of the County Court, and dismissed the petition at the petitioners' cost.

The first error assigned questions the ruling of the court in overruling petitioners' motion to dismiss the appeal, and the second questions the ruling on the cross-motion, but both will be considered as one.

The right of the heirs of Eliza J. Wright to appeal is given by Section 123 of Chapter 3 of Hurd's Revised Statutes of 1897; but this right is to be availed of, as the section says, " as in other cases," and this language must refer either to section 68 of the same chapter, or to section 212 of chapter 37 of the same revision.

The language of section 68, chapter 3, is:

" Either party may take an appeal from the decision rendered to the Circuit Court of the same county, in the same time and manner appeals are now taken from justices of the peace to the Circuit Courts, by appellant giving good and sufficient bond, with security, to be approved by the county judge."

The language of section 212, of chapter 37, is:

" Appeals may be taken from the final orders, judgments and decrees of the County Courts to the Circuit Courts of

their respective counties * * * upon the appellant giving bond and security in such sum and upon such conditions as the court shall approve."

Language could not make it plainer that the bond required is that of appellant himself, and that some other person or persons should join with him in the execution of it as sureties. The evidence that an attempt has been made to perfect an appeal is the signature of the appealing party, either by himself or by some other person attempting to act for him.

Here there is no attempted bond of Charles Warner or Gus Warner, hence it follows that neither of them attempted to appeal. Ella Burns only attempted to appeal, but she presented no bond to either the court or the judge of the court within the twenty days allowed her, under the law and order of the court, and this defect, not being merely an informality in the bond, but one of vital substance, for which she alone was in fault; there is no ground on which she is entitled to the aid of the court, since if she made a mistake it was a mistake of law. Dobson v. Hughes, 168 Ill. 148.

Neither the court nor the judge could delegate authority to the clerk to approve the bond. Bowlesville Mining & Manufacturing Company v. Pulling, 89 Ill. 58.

It is insisted by counsel for appellee that Section 69 of the Practice Act authorizes the clerk to approve the bond, but evidently that section, nor anything in the act has any reference to appeals from the County Courts to Circuit Courts. But if it has, we are unable to see how the condition of the matter is bettered, since the appeal was allowed jointly to the heirs of Eliza J. Wright, and two of the three heirs failed to sign any bond, hence the appeal failed as to all. Robeson et al. v. Lagow, 73 Ill. App. 665, and cases there cited.

We are of opinion that the appeal of Ella Burns could only have been perfected by securing the approval of her bond by the county judge within twenty days after the rendition of the judgment, and we are further of the opin-

ion that the court erred in sustaining the cross-motion allowing the county judge to approve the bond as it did, and it also erred in overruling appellant's motion to dismiss the appeal; and for these errors the judgment of the court is reversed and the cause remanded, with instructions to the court to overrule the cross-motion and sustain the original motion, and dismiss the appeal. Reversed and remanded, with directions.