Bernard Sullivan et al., Exrs., v. John M. Breen, Adm.

1. APPEALS—*From the County Court in Claims Against Estates—County Judge to Approve Security.*—In all cases of appeals from the allowance or reduction by the County Court of claims against estates, the security upon the appeal bond must be approved by the county judge, and he can not delegate that power to the clerk.

2. PRACTICE—*On Motions to Dismiss an Appeal—Limited Appearance of Appellee—Cross-Motion, etc.—Exceptions to be Preserved.*—Where, in the Circuit Court, upon an appeal from the County Court, appellee enters a limited appearance, and moves to dismiss the appeal for want of a proper approval of the appeal bond, and appellant enters cross-motions that the Circuit Court approve the appeal bond and for leave to file a new appeal bond, and the cross-motions are denied and the appeal dismissed, and error is assigned in the Appellate Court on the denial of said cross-motions, and there is no bill of exceptions preserving exceptions to the denial of said motions nor preserving the showing upon which the court acted, no error is made to appear.

3. PRESUMPTIONS—*As to the Action of the Court Below.*—The action of the Circuit Court is presumed to be correct and authorized by the showing made until the contrary appears.

Administration of Estates.—Error to the Circuit Court of Woodford County; the Hon. JOHN H. MOFFETT, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

PAYSON & KESSLER and NORTON & WINKLER, attorneys for plaintiffs in error.

J. A. RIELY and THOMAS KENNEDY, attorneys for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was a claim filed by J. O. Sullivan against an estate

in the County Court. Claimant was defeated, and prayed an appeal to the Circuit Court. The County Court allowed the appeal upon claimant filing a bond in the penal sum of $100 within twenty days, and directed that the bond be approved by the clerk of the court. Within that time claimant filed a bond and the clerk approved it. The proper papers were filed in the Circuit Court. The administrator entered a limited appearance and moved to dismiss the appeal for want of a proper approval of the appeal bond. Claimant had meantime died. His executors appeared and entered a cross-motion that the Circuit Court approve said appeal bond, which was denied, and another cross-motion for leave to file a new appeal bond, which was also denied. The court then dismissed the appeal. This is a writ of error to reverse that judgment.

Section 68 of our statute concerning the administration of estates requires that in all cases of appeals from the allowance or rejection of claims by the County Court the security upon the appeal bond shall be approved by the county judge. The county judge could not delegate that power to the clerk. (Bowlesville M. & M. Co. v. Pulling, 89 Ill. 58; Fairbank v. Streetor, 142 Ill. 226; Witter v. Estate of Witter, 65 Ill. App. 335; Blood v. Harvey, 81 Ill. App. 187.) The Circuit Court therefore properly dismissed the appeal, unless it erred in denying one or the other of the cross-motions. We are of opinion one or the other of them should have been granted, if a proper showing was made. But there is no bill of exceptions in the record, and we can not know what showing was made for and against the cross-motions. It may have appeared to the Circuit Court that the security upon the bond filed in the County Court was insufficient. Upon the motion for leave to file a new appeal bond the proposed bond may have been presented, and its security may have been found insufficient. Some other sufficient reason may have appeared why neither of these motions should be granted. The action of the Circuit Court is presumed to be correct, and authorized by the showing made, until the contrary appears. (Blair v. Ray, 103 Ill. 615; City

of Chicago v. Porter, 124 Ill. 589.) Moreover, there is noth-
ing to show that claimant's executors excepted to the rul-
ings of the court in denying said cross-motions, and the
correctness of said rulings is therefore not presented for our
decision by this record. Assuming, as we must, that the
cross-motions were properly denied, the dismissal of the
appeal was proper. The motion entered here by appellee
to expunge certain parts of the record, is denied.

The judgment is affirmed.