WILLIAM H. ELLISON

*v.*

LYMAN D. HAMMOND *et al.*

*Opinion filed February 20, 1901—Rehearing denied April 5, 1901.*

APPEALS AND ERRORS—*joint appeal requires joint bond to perfect it.*
If an appeal is prayed by and allowed to the defendants jointly, it
can only be perfected by filing their joint appeal bond within the
time fixed by the court; and if the only bond filed within such time
is the separate bond of one defendant alone, the defect cannot be
subsequently cured by filing a new joint bond.

APPEAL from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Circuit
Court of Cook county; the Hon. MURRAY F. TULEY,
Judge, presiding.

The appellees filed a bill in chancery in the circuit
court of Cook county against the appellant and other
defendants, to foreclose a mortgage upon certain real
estate located in said county. A decree of foreclosure
and sale was entered and the defendants prayed an ap-
peal therefrom to the Appellate Court for the First Dis-
trict, whereupon the court entered the following order:
"Appeal prayed by the defendants from the decree of sale
this day entered herein to the Appellate Court in and for
the First District of Illinois, which is allowed to them
upon their filing herein a bond to be approved by the
clerk of this court, in the sum of $1000. Bond to be filed
in twenty days and bill of exceptions in sixty days."
Within the time fixed by the court, the appellant, with
Thompson Y. Douglass as surety, filed an appeal bond in
the required amount, in the office of the clerk of the cir-
cuit court of Cook county, which was duly approved by
said clerk. The Appellate Court, after overruling the
motion of appellant for leave to file a new bond, on the
motion of appellees dismissed the appeal on the ground
that the appeal was granted to all the defendants jointly

and that the appeal bond was executed by the appellant alone, the other defendants not joining in the execution thereof, and that such defect could not be cured by filing a new bond signed by all the defendants. The appellant has brought the record to this court to review the judgment of the Appellate Court.

WILLIS H. HUTSON, for appellant:

In cases where a joint judgment is rendered for taxes, any defendant may appeal, or a number, and less than all, may join in an appeal without the remainder. *Olcott* v. *State*, 5 Gilm. 481.

An appeal may be prosecuted by one defendant where a joint deceee has been entered against a number. *Emerick* v. *Armstrong*, 1 Ohio, 232.

KERR & BARR, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

The right of appeal is granted by statute and can only be exercised when allowed by the court, and then in conformity with the order of the court. The appeal was prayed by and allowed to the defendants jointly, and could only be perfected by the filing of their joint appeal bond, duly approved, within the time fixed by the court. If the appellant desired to sever the appeal he should have prayed a separate appeal. The defendants other than appellant not having attempted to perfect the appeal by filing a bond within the time fixed by the court, the defective appeal of appellant could not be cured by filing a new bond signed by all of the defendants. *Hileman* v. *Beale*, 115 Ill. 355; *Tedrick* v. *Wells*, 152 id. 214; *Town* v. *Howieson*, 175 id. 85.

The Appellate Court did not err in refusing appellant leave to file a new bond and in dismissing the appeal. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*