KAROLINA KOUTNIK

*v.*

KAROLYNA KOUTNIK.

*Opinion filed April 16, 1902.*

1. APPEALS AND ERRORS—*clerk has no power to approve bond unless by order of court.* Under section 69 of the Practice act the clerk of the court may, "by order of the court made at the time of praying the appeal and entered of record," approve the security on the appeal bond, but he is powerless to do so where the order granting the appeal confers no authority for such purpose.

2. SAME—*when a defective appeal cannot be cured by filing new bond.* If the only appeal bond filed within the time allowed is approved by the clerk without authority, the appeal is not perfected in time, and the defect cannot be cured by filing a new bond.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. C. H. DONNELLY, Judge, presiding.

FANNING & HERDLICKA, for appellant.

JOSEPH KOHN, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The sole question presented here is, did the Appellate Court err in dismissing appellant's appeal to that court? The circuit court, on the 25th day of March, 1901, entered a decree against the appellant, in favor of the appellee, finding that appellee was entitled to a vendor's lien on certain real estate for the sum of $1481.44, and ordered that in default of payment the said real estate be sold to satisfy the decree. The appellant prayed an appeal, whereupon the circuit court entered the following order: "Now comes the defendant, Karolina Koutnik, and prays an appeal to the Appellate Court for the First District from the above decree, which appeal is allowed upon said

defendant filing with the clerk of the circuit court a bond in the sum of $500 in thirty days." On April 16, 1901, an appeal bond was filed in the office of the circuit clerk and approved by him. On October 2, 1901, a transcript of the record was filed in the office of the clerk of the Appellate Court, and subsequently thereto, on motion of appellee, the appeal was dismissed for want of a sufficient bond, and the appellant has brought the record to this court for further review, and has assigned as error the action of the Appellate Court in dismissing said appeal.

Section 69 of the Practice act (3 Starr & Cur.—2d ed.— p. 3099,) is as follows:   "The clerk of the court, may, by order of the court, made at the time of praying the appeal and entered of record, approve of the security offered upon such bond, and such approval may be made in term time or vacation."   Appeals can only be taken by virtue of the statute, and then in accordance with the order of the court.   The right of the court to delegate to the clerk authority to approve an appeal bond is solely by virtue of the statute.   (*Abraham* v. *Huntington*, 19 Ill. 403; *Bowlesville Mining and Manf. Co.* v. *Pulling*, 89 id. 58; *Hileman* v. *Beale*, 115 id. 355; *Town* v. *Howieson*, 175 id. 85.) The circuit court, by the order allowing the appeal, having failed to authorize the circuit clerk to approve the appeal bond, he was powerless to approve the same.   For a failure to file a bond, duly approved, within the time fixed by the court, the appeal was not perfected in time, and the defective appeal could not be cured by filing a new bond.   (*Tedrick* v. *Wells*, 152 Ill. 214; *Ellison* v. *Hammond*, 189 id. 470.)   The Appellate Court did not, therefore, err in dismissing the appeal.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*