## Frederick Hepner v. John Hepner, Admr.
## Frederick Hepner v. John Hepner, Admr.
### Gen. Nos. 4,299, 4,300.

1. APPEAL BOND—*by whom, should be approved.* Where an appeal· is taken from an order of a court of probate by virtue of section 124 of the Administration Act, the appeal bond should be approved by the court granting the appeal; and the court cannot delegate such author¹ity to the clerk of such court.

2. APPEAL BOND—*when appeal should not be dismissed for insufficiency of.* Where an appeal is prayed from an order of a court of probate, and is granted pursuant to section 124 of the Administration Act, · the court fixing the penalty of the bond and directing (erroneously) that the same be approved by the clerk of the court, the appeal should not be dismissed because of the irregularity in the approving of such bond by such clerk where the party who has sought thus to perfect his appeal makes a cross-motion to correct the irregularity. (Koutnik v. Koutnik, 196 Ill. 162, distinguished.)

Contest upon objections to administrator's amended inventory and to administrator's final report. Appeal from the Circuit Court of Livingston County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1903. Reversed and remanded. Opinion filed March 14, 1904.

H. M. KELLY, for appellant.

R. R. WALLACE, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

The estate of Anna C. Hepner, deceased, is being administered in the County Court of Livingston County. Frederick Hepner, an heir, filed objections to an amended inventory.' These objections were overruled and the amended inventory approved. Frederick prayed an appeal to the Circuit Court from that order, which was granted on condition that he file an appeal bond in the sum of $100, to be approved by the clerk. Within twenty days after the approval of said amended inventory, Frederick filed an appeal bond in conformity with the order granting the appeal, and it was approved by the clerk. In the Circuit

Court the administrator entered a limited appearance and moved to dismiss the appeal because it had not been taken or perfected in the manner provided by law. Frederick entered two cross-motions, one for leave to file a new bond and the other that the court approve the bond on file. The court denied both cross-motions and dismissed the appeal, and Frederick duly preserved exceptions to these rulings by a bill of exceptions which also recited that no showing was made in support of the cross-motion for leave to file a new bond and that the court denied the motion to approve the bond on file because of a lack of power, and that no question was raised or considered as to the sufficiency of the surety. The cause first above entitled is an appeal by Frederick from that judgment.

In the same estate Frederick Hepner filed objections to the administrator's final report. The objections were overruled and the report approved. Frederick was granted an appeal from that order to the Circuit Court upon like conditions as in the first case, with which he complied in like manner, and there was a like special appearance by the administrator in the Circuit Court, a like motion to dismiss, and like cross-motions, resulting in a dismissal of that appeal for like reasons, and with a like bill of exceptions. The cause secondly above entitled is an appeal by Frederick from the judgment last mentioned. Both appeals have been argued upon the same briefs, and they will be discussed together.

These appeals in probate matters from the County Court to the Circuit Court were taken under section 124 of chapter 3 of the revised statutes, relating to the administration of estates, which provides that appeals shall be allowed from all orders of the County Court, in matters arising under that act, to the Circuit Court and from the Circuit Court to the Supreme Court, "as in other cases, and bonds with security to be fixed by the County or Circuit Court, as the case may be." This provision is substantially the same, so far as this case is concerned, as section 138 of chapter 109 relating to wills, in the revised statutes of 1845, and as sec-

tion 133 of the statutes of 1829 on the same subject, which was included in the Revised Laws published in 1833. The words "as in other cases" in these statutes means "as in cases before justices of the peace." Beardsley v. Hill, 61 Ill. 354; Horner v. Goe, 64 Ill. 178; Darwin v. Jones, 82 Ill. 107. The County Court therefore should have passed upon the sufficiency of these appeal bonds, and could not delegate that duty to the clerk. Bowlesville M. & M. Co. v. Pulling, 89 Ill. 58; Blood v. Harvey, 81 Ill. App. 187. As these bonds were not approved by the County Court, the appeals were properly dismissed unless one of the cross-motions should have been granted.

Section 31 of the act of 1827, relating to Justices of the Peace and Constables, found on p. 395 of the Revised Laws of 1833, provides the mode of appealing from the judgment of a justice, and then says: "If, upon the trial of any appeal, the bond required to be given by this section shall be adjudged informal, or otherwise insufficient, the party who executed such bond shall in no wise be prejudiced by reason of such informality or insufficiency; provided he will in a reasonable time, to be fixed by the court, execute and file in said court a good and sufficient bond." Section 65 of chapter 59, relating to Justices and Constables, of the Revised Statutes of 1845, is in substantially the same language. Section 69 of the act of 1872, relating to Justices and Constables, which became section 69 of chapter 79 of the revised statutes of 1874, reads as follows: "No appeal from a justice of the peace shall be dismissed for any informality in the appeal bond. But it shall be the duty of the court before whom the appeal may be pending to allow the party to amend the same within a reasonable time, so that a trial may be had on the merits of the case." This was the adoption, with a slight change, of section 2 of the act of 1853 in relation to appeals from justices of the peace, which seems to apply to all such appeals, though section 1 thereof is limited to a particular class of appeals. Laws of 1853, p. 125. In 1895 an act was passed revising the law relating to justices and constables, but it contains no provisions on

the subject of informalities in appeal bonds, and no words of repeal, and said section 69 of chapter 79 of the revised statutes of 1874 seems to be still in force. It is therefore the long settled legislative policy of this state that informality in an appeal bond filed in taking an appeal from a judgment of a justice of the peace, shall not defeat the appeal, if the party will remedy the defect when pointed out. As appeals from the County Court in probate matters are to be taken as in cases before justices of the peace, these statutes and the construction given them by the courts, govern the question now under consideration.

These statutory provisions, the spirit of which is the same notwithstanding some changes in expression, have been enforced by the courts of appeal many times, and in the case of many different defects. A few examples only can be referred to here. In Dedman v. Barber, 1 Scam. 254, a party intending to appeal to the Circuit Court from a judgment of a justice, recited in his bond a judgment of the Circuit Court and an appeal to the Supreme Court. There was no such judgment and no such appeal as was recited. It was held the Circuit Court erred in refusing a cross-motion for leave to file a new bond and granting a motion to dismiss the appeal. The court said the appellant attempted a compliance with the law, and executed what was intended to be a good bond, and when it was adjudged insufficient he had a right to execute a good one. In Waldo v. Averett, 1 Scam. 487, the clerk had statutory authority to approve the bond, but it did not bear his approval, and he testified he did not approve it; but it was held the act of the clerk in thereafter issuing a supersedeas, which he had no right to do unless he first approved the bond, showed he must have approved it; and, further, that if the bond was ever so defective, the court should have allowed the motion to file a good bond, as the statute gave the appellant the right to file a new bond when the first was adjudged insufficient. In Bragg v. Fessenden, 11 Ill. 544, and Boorman v. Freeman, 12 Ill. 165, this statute was held to give the appellant a right to file a new appeal bond where the original bond was defective for

want of sufficient authority or of any authority in the party who executed it in the name of appellant. In Trustees of Schools v. Starbird, 13 Ill. 49, the appeal bond was not executed and did not profess to be executed by the corporation against which the judgment was rendered, but by one trustee only. He intended thereby to take an appeal that would enable the corporation to have the cause reheard. The Circuit Court refused a motion to amend the bond, and granted a motion to dismiss the appeal. This action was held erroneous, the court saying: "Where a party, by himself or his agent, undertakes to appeal from the decision of a justice of the peace, and makes such an attempt at the execution of an appeal bond that the proper officer accepts it, he shall not be prejudiced by reason of any deficiency in the obligation, if he will, when objection is made, supply the defect." In Wear v. Killeen, 38 Ill. 259, (in reversing a case where the trial court dismissed an appeal for the insufficiency of an appeal bond and afterwards denied a motion to vacate that order and for leave to file a better bond,) the court said the act in question evinced the great desire of the legislature to sustain the proceedings of those domestic tribunals to which such constant resort is had by our citizens, without regard to those technicalities which frequently obstruct the course of justice; that the legislature designed that a party should not be injured or deprived of his status in the Circuit Court, when he brings his case there by appeal, by reason of any omission, ignorance or carelessness of the magistrate or attorney who might prepare the required bond; and that the statute was imperative that if the bond was adjudged informal or otherwise insufficient, the party should not be prejudiced thereby if he would file a good and sufficient bond within a reasonable time, to be fixed by the court. In Weist v. The People, 39 Ill. 507, referring to the act of 1853 above cited, which said no appeal should be dismissed for any informality in the appeal bond, but the court should allow the party to amend the same, the court said: "So there has been an effort in good faith, and in the time limited by the statute,

to take an appeal, the case comes within this provision; and, when the party desires to amend the appeal bond, it is the exercise of a right conferred by the statute, which cannot be refused." It was there held the trial court erred in refusing a cross-motion for leave to amend. In Hinman v. Kitterman, 40 Ill. 253, it was said that "almost any attempt, made in good faith, to execute an appeal bond, requires the court to allow such amendments as will obviate the imperfection." In Bowlesville M. & M. Co. v. Pulling, *supra*, the order of the County Court that the clerk approve the security, was one the court had no power to make, and the clerk's attempted approval was not valid, and it was held the Circuit Court properly dismissed the appeal; but the opinion of the Supreme Court calls special attention to the fact that the appellant did not enter a motion for leave to file a sufficient bond, to be approved by the Circuit Court, but elected to submit the case upon the power of the clerk to approve the security. It is implied that if such a cross-motion had been entered it should have been granted. In Ford v. First National Bank, 201 Ill. 120, an appeal had been taken from the County Court to the Circuit Court in a probate matter by a creditor of an estate. The executor was not named as an obligee in the appeal bond. It was there said that if the executor had in apt time made his motion in the Circuit Court to dismiss the appeal for want of a sufficient bond, it would have been the duty of the court to dismiss it unless the appellant had by leave of court filed a proper bond; but that the omission of the executor as an obligee was but an imperfection or defect that could have been and doubtless would have been cured, if the question had been raised in the Circuit Court, and that it was too late to first urge the point after the case left the Circuit Court.

There are certain classes of cases which have been often held by our Supreme Court not within the beneficial operation of the statutes here under consideration. For example, where the statute requires the appeal bond to be filed and approved within a specified number of days after judgment,

no jurisdiction exists to receive a bond after the time so fixed by law, for the right of appeal is gone if no bond has been filed during the prescribed period. So, if it is necessary the trial court should first fix the amount or conditions of the bond, as in forcible detainer, an appeal is void which is attempted without obtaining an order fixing the amount or conditions of the bond, and the invalidity cannot be cured after the time for fixing such amount or conditions has passed. If several parties jointly pray an appeal, and the order grants them a joint appeal, and only one enters into an appeal bond, no appeal has been perfected by any one, and after the time limited for filing the appeal bond, the defects cannot be remedied. If one party obtains an order for an appeal but files no bond, another party cannot obtain leave to file a bond in the court to which the appeal is prayed. The reasons why such cases are not within these remedial statutes are shown in such cases as Rozier v. Williams, 92 Ill. 187; Fairbanks v. Streeter, 142 Ill. 226; Tedrick v. Wells, 152 Ill. 214; Ellison v. Hammond, 189 Ill. 470. These rules, however, yield to an attempt to comply with the order of the court. For example, in Hammond v. The People, 164 Ill. 455, three defendants prayed and were allowed an appeal from a judgment of the Circuit Court upon giving bond by them or either of them. One defendant gave a bond, but an examination thereof showed he filed it for himself and his co-defendants, and the court refused to dismiss the appeal professedly prosecuted by all the defendants, but granted the cross-motion of the co-defendants for leave to file an additional bond.

Appellant in the case at bar applied to the County Court for an appeal. That court fixed the penalty of the bond and directed that it be approved by the clerk. In giving that direction the County Court made a mistake. Appellant, within the time limited by law, presented to the clerk a bond, the form of which and the security thereon are not questioned. The clerk approved it and filed it in the cause. The clerk's office was the proper place in which to lodge the bond. The only defect or informality was that appel-

lant did not obtain the formal approval of the County Court to this bond, but strictly obeyed the mistaken directions which the County Court gave him. Appellant attempted in good faith to appeal, and executed a bond and lodged it in the proper office, and obeyed the direction of the County Court. It was approved by the officer the court designated. If appellant must be conclusively presumed to have known the statute required the bond to be approved by the County Court, he must also be presumed to have known that no appeal is perfected unless it is taken in compliance with the order of court allowing the appeal. Ought his appeal to be irrevocably defeated because he relied upon the order of the court made as the rule which must govern him in taking this appeal? We see no good reason why this case should be distinguished from those above cited where the statute saved the party from losing his appeal. The requirements which in those cases had not been observed were just as truly prescribed by the statute as the one that directs that the County Court shall approve the bond. If, as said in Wear v. Killeen, *supra,* the omission, ignorance or carelessness of the magistrate or attorney shall not deprive the party of his standing in the Circuit Court on appeal, provided he will give a new and sufficient bond, why should the mistake of the County Court as to the proper method of procuring the approval of his appeal bond drive him out of court, if he will rectify the mistake when it is pointed out? It seems to us this case is within the spirit of the statute relied upon and the cases thereunder, and within the common practice of trial courts in this state in the application of these statutes. Our holding to that effect in Sullivan v. Breen, 93 Ill. App. 526, was based upon the considerations above stated.

Our attention is called to Koutnik v. Koutnik, 196 Ill. 162, where a part of a sentence in the opinion seems to hold that if an appeal bond has not been approved by the proper officer the defect cannot be cured by filing a new bond. That case however, is unlike this in several particulars. The order for an appeal there made was strictly according

to law, and did not direct who should approve the bond. It therefore left the party to comply with the statute. The appellant was not misled and misdirected by the court, as in the case before us. Again, no cross-motion was made in that case in the court to which the appeal was taken for leave to file a new bond, or for the approval of the bond already filed. Further, that was not an appeal from a justice or from the County Court in a probate matter. The case originated in the Circuit Court, and that appeal was under a different statute, to wit, section 69 of the Practice Act, governing appeals from the Circuit Court to the Supreme or Appellate Court. While the language of that section is substantially the same as that of the statute relating to appeals from justices of the peace, yet courts require less strict compliance with technical provisions of the statutes governing procedure before justices and in probate matters, than with practice acts governing cases originating in the Circuit Courts. In Dobson v. Hughes, 168 Ill. 148, there had been an entire failure to comply with the order of the County Court that the bond be approved by the court. The cross-motion for leave to file a sufficient bond was held to have been properly denied because there was nothing to indicate an attempt to comply with the order of the County Court. In the present case there was a strict compliance with the order.

As Frederick Hepner complied with the orders of the County Court granting these appeals, we hold that one or the other of his cross-motions should have been granted. The judgments are therefore reversed and the causes remanded for further proceedings in conformity with the views here expressed.

*Reversed and remanded.*