HENRY H. HORNER *et al.* Admrs

*v.*

HENRY S. GOE.

DISMISSAL OF APPEAL—*insufficiency of appeal bond.* On an appeal to the circuit court from an order of a county court allowing certain claims against an estate, it is held to be error for the circuit court to dismiss the appeal for insufficiency of the appeal bond, except on failure to file a good and sufficient bond, in a time fixed by the court.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Messrs. G. & G. A. KŒRNER, for the appellants.

Mr. WM. H. UNDERWOOD, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This is an appeal from an order of dismissal by the court below of an appeal taken to it from the county court from an

order of allowance of certain claims against the estate of a deceased person.

The bill of exceptions merely sets out the motion to dismiss, and the order of dismissal, without stating the grounds of the motion or of the dismissal; and it is urged that it must be presumed the court below decided correctly, unless the contrary appears, and that in this case the contrary does not appear.

But it appears that the appellant excepted to the order of dismissal, and the record shows an appeal bond. We can conceive of no other ground of the dismissal than the insufficiency of the appeal bond.

Section 138 of Statute of Wills, Scates' Comp. 1215, allows appeals from all judgments and orders of the court of probate to the circuit court in favor of any person aggrieved, " as in any other cases "—that is, as in cases before justices of the peace.

Section 65 of the Justices of the Peace Act, Scates' Comp. 709, declares that an appellant shall in no wise be prejudiced by reason of the insufficiency of the appeal bond, provided he will in a reasonable time, to be fixed by the court, execute and file a good and sufficient bond. This provision embraces the bond in question by virtue of the aforenamed section 138, and the appeal should not have been dismissed for insufficiency of the appeal bond, except on failure to file a good and sufficient bond, in a time fixed by the court.

The record shows an erroneous ruling of the court.

The judgment is reversed and the cause remanded.

*Judgment reversed.*