## Samuel W. Dunaway and Frank Brown, Administrators of Samuel Dunaway, Sr., deceased, and Hardin Goodall, Administrator de bonis non of Samuel T. Russell, v. John G. Campbell and Henry F. Campbell, Administrators of J. M. Campbell.

1. ADMINISTRATION OF ESTATES—*Power of the County Court to Discharge Administrator.*—The County Court has no legal authority to discharge an administrator before the estate is completely settled, and if it does so its action will be a nullity.

2. APPEALS—*When to be Jointly Taken.*—Where the only question involved in a proceeding is one in which the unsuccessful parties are necessarily jointly interested, an appeal by them jointly is proper.

3. PRACTICE—*Insufficient Appeal Bonds.*—When an unsuccessful party litigant appeals and in good faith attempts to comply with the order of the court allowing the appeal, by executing and filing an appeal bond, and such bond proves to be insufficient, it is the duty of the court to permit such party to file, within some reasonable time, a bond which is sufficient. An absolute refusal to do so, which deprives the party of the benefit of his appeal, is an abuse of judicial discretion.

Administration of Estates.—Error to the Circuit Court of Jackson County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the February term, 1895. Reversed and remanded. Opinion filed July 1, 1895.

## STATEMENT OF THE CASE.

On November 4, 1889, plaintiffs in error filed in the County Court of Jackson County, a petition for citation against defendants in error, to show cause why they should not, as administrators, make final settlement and distribution in said J. M. Campbell estate. Defendants in error appeared, and in response to such citation made a report and supplementary report, to each of which, exceptions were filed by plaintiffs in error. Such further proceedings were thereupon had in said court as brought the matter to an issue, and the court made a final decision therein at the August term, 1891, overruling some of said exceptions and ordering a restatement of the account of defendants in error, as such administrators. Thereupon, as recited in the record, " The said S. W. Dunaway and Frank Brown, as administrators of the estate of Samuel Dunaway, Sr., deceased, and H. Goodall, administrator *de bonis non* of the estate of Samuel T. Russell, deceased, the exceptors herein, except to the ruling, order and decree herein, and pray an appeal therefrom to the Circuit Court of the County of Jackson and State of Illinois, which appeal is granted, on condition that said appellants do, within twenty days from this date, give and file bond, with security to be approved by the clerk of this court, in the penal sum of $200 each, conditioned for the payment of all costs occasioned by the said appeal in case the order, judgment and decree herein be affirmed, or the said appeal be dismissed." This order was entered August 17, 1891, and on August 26, 1891, a bond was given and filed. This bond recites, that " We, Samuel W. Dunaway and Frank Brown, as administrators of the estate of Samuel Dunaway, Sr., deceased, are held and firmly bound unto John G. Campbell and H. F. Campbell, as administrators of the estate of James M. Campbell, deceased, in the penal sum of $200, for the payment of which well

and truly to be made we and each of us bind ourselves * * * jointly, severally and firmly by these presents. Sealed with our seals and dated 1891." The condition sets out that whereas the said John G. and Henry F. Campbell, as administrators as aforesaid, did, on August 17, 1891, at a term of the County Court of Jackson County, Illinois, obtain a judgment of said County Court, in probate, overruling certain exceptions of said administrators of Dunaway, Sr., deceased, and H. Goodall, as administrator of Samuel T. Russell, deceased, to a report, and overruling certain claims of said last named parties, to increase the debits of said Campbell's administrators, etc., and fixing the debits of said J. M. Campbell's administrators at the sum of $6,818.74 only, instead of a much larger sum, as claimed by said administrators of Samuel Dunaway, Sr., deceased, and said administrator of Samuel T. Russell, deceased, from which action of the said Jackson County Probate Court, the said administrators of the estate of Samuel Dunaway, Sr., deceased, and of the estate of Samuel T. Russell, deceased, have prayed an appeal to the Circuit Court of said county; now, if the said administrators of the estate of said Samuel Dunaway, Sr., and Samuel T. Russell, deceased, shall prosecute their appeal with effect, and shall pay whatever judgment may be rendered against them as administrators, etc., by said Circuit Court, upon the trial of said appeal, or by consent, or in case said appeal is dismissed, will pay the judgment against them by the said court, and all costs occasioned by said appeal, then the above obligation to be void, otherwise to remain in full force and effect.

This bond was signed and sealed as follows:

SAMUEL W. DUNAWAY, [SEAL.]
FRANK BROWN. [SEAL.]

The two above as administrators of estate of S. Dunaway.

H. GOODALL, [SEAL.]

Administrator of estate of S. T. Russell, deceased.

WM. H. WARDER, [SEAL.]
WM. W. CLEMENS. [SEAL.]

And was approved August 26, 1891, by Edward Craw-

ford, county clerk, and was filed in the Circuit Court Sep-
tember 3, 1891. After the cause was docketed in said
court and several terms thereof had been held, on January
uary 10, 1893, defendants in error filed their motion to
dismiss the appeal, and plaintiffs in error filed a cross-
motion for leave to file an amended and sufficient bond as
an appeal bond in this case. At the September term, 1893,
of said. court, S. W. Dunaway, as surviving administrator
of the estate of Samuel Dunaway, deceased, filed his motion
for leave to file amended appeal bond within such time as
the court should require. On the same day, H. Goodall, as
administrator, etc., filed his motion for leave to file amended
appeal bond within such time as the court should require.
The court, on October 4, 1893, sustained the motion of
defendants in error, dismissed the appeal, overruled the
cross-motions of plaintiffs in error and ordered that the
latter pay the costs. Hence this appeal.

CLEMENS & WARDER, attorneys for plaintiffs in error.

YOUNGBLOOD & BARR and R. J. STEPHENS, attorneys for
defendants in error.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.
Two reasons were assigned in support of the motion to
dismiss the appeal. "First, the said appellants have im-
properly joined in such appeal, and have not, as they should
have done, taken or perfected separate appeals." " Second,
the said Samuel W. Dunaway and Frank Brown were not,
nor was either of them, at the date of taking or perfecting
the said appeal, or at the date of filing their said exceptions,
the administrator or administrators of the estate of said
Samuel Dunaway, Sr., deceased, or legally entitled to sue
or prosecute suit or suits in that capacity or right, and
were not, nor was either of them, legally entitled to pros-
ecute any proceeding in this behalf, or in any other
capacity or right." The second reason is predicated upon
the action of the Circuit Court of Williamson County

approving the final report of and discharging said Dunaway and Brown as administrators of the estate of Samuel Dunaway, Sr., deceased, on July 10, 1893. To determine this question we must give construction to Sec. 112, Chap. 3, Starr & Curtis' Rev. Stat. This section requiring administrators to exhibit accounts of their administration for settlement in the County Court from time to time, adds : " Until the duties of their administration are fully completed." It is shown in this record that claims filed on behalf of the estates of Dunaway and Russell had been allowed against the Campbell estate, which claims had been paid in part only, and undistributed assets liable to the payment thereof yet remained in the hands of defendants in error, as administrators of said Campbell estate. Hence the duty devolved on plaintiffs in error to subject such undistributed assets to the payment of said judgments and the entry of said order of discharge did not deprive the administrators of the Dunaway estate of the power to do so. The duties of their administration would not otherwise be fully completed.

The County Court has no legal authority to discharge an administrator before the estate is completely settled, and if it does the order will be a nullity. Blanchard v. Williamson, 70 Ill. 560; Diversey v. Johnson, 93 Ill. 558, 559. And in Union Bank v. Doane, 140 Ill. 198, in speaking of the order of a County Court for the distribution of the proceeds of an insolvent estate, before the expiration of the three months provided in the act, the court held such order to be a nullity, and say : " An order of this character is not unlike an order of a Probate Court for a final settlement of the estate of a deceased person before the estate has been administered according to law, which this court has held to be a nullity." Am. Law of Adm'rs, Woerner, 571. The contention of defendants in error that this order of discharge did not relieve the administrators from liability to respond to creditors for negligence or mismanagement, but that they were thereby deprived of the power to complete their duties of collecting or attempting to collect these uncollected judgments, for the

benefit of creditors or distributees of said estate, amounts to
this: That this order is a nullity only so far as relieving
from liability is concerned, and is not a nullity, but opera-
tive, to prevent the administrators from taking proper legal
steps to complete their official duties, and thus absolve them-
selves from liability. Such contention is in conflict with the
decisions of our Supreme Court and can not be sustained.
The first reason assigned in the motion to dismiss is, as be-
fore stated, that appellants have improperly joined in such
appeal, and have not, as they should have done, taken or
perfected separate appeals. The relief asked for by the pe-
tition was joint and several. It was filed for the purpose of
compelling defendants in error to report fully and correctly
all the assets of their intestate's estate yet unreported, and
thereby enlarge the fund out of which claims allowed could
be paid. The separate claims of the two estates mentioned
in the petition had been adjudicated, and the amount of each
had been finally fixed by the judgments stated therein.
These judgments were not assailed or challenged, and the
only question involved in the proceeding was one in which
the plaintiffs in error were necessarily jointly interested.
We infer from the language of the order granting the appeal,
this was the view taken by the Probate Court. It is therein
recited that plaintiffs in error pray an appeal, which appeal
is allowed, that is, a joint appeal. The condition is, that
said appellants do file a bond, not separate bonds, and the
language "in the penal sum of $200 each," may just as fairly
be held to mean that each of plaintiffs in error appealing,
join in a bond incurring a several liability for that sum for
breach of condition, as to hold the word "bond" should be
made to read "separate bonds."

Counsel for defendants in error have themselves, in their
brief, asserted it to be the law that where several parties
pray a joint appeal, all must join in executing the appeal
bond, or the appeal will be dismissed in the Appellate Court,
and cite authorities supporting that contention. This
appeal is a joint appeal. As such it was prayed for and
granted, and all the parties appealing appeared in the Circuit
Court to prosecute it as a joint appeal. Hence, if the rule

of law above mentioned applies, separate bonds ought not to have been filed and the appeal ought not to have been dismissed, for the reason they were not filed. The view we have taken of this case dispenses with the necessity of considering or passing upon the cross-motions filed September 23, 1893, for leave to file separate appeal bonds, and the only question remaining is, did the trial court err in sustaining the motion of defendants in error and dismissing the appeal, and in overruling the motion of plaintiffs in error for leave to file an amended and sufficient bond, as an appeal bond, in the case?

This appeal is not of that class of appeals provided for in actions of forcible entry and detainer, and trial of the rights of property, in which the statute fixes and limits the time for perfecting appeals, but the court granting the appeal in this case had a discretionary power to fix the time for filing bond, and the amount and conditions thereof, and an improvident exercise of that discretion may be reviewed and error assigned therefor. In Zuckerman v. Hawse, 146 Ill. 63, an appeal had been dismissed for insufficiency of bond, on motion of appellee, and appellant asked for time to file a sufficient bond, which the court refused to grant. It is said appellant submitted a bond he doubtless supposed was sufficient, and was attempting in good faith to comply with the order of the court; that it was the duty of the court to grant his request. The length of time to be given was of course to be fixed by the court, but an absolute refusal so to do was an abuse of discretion which resulted in wrongfully depriving appellant of the benefit of his appeal. In Horner et al. v. Coe, 64 Ill. 178, which was an appeal from the County Court, dismissed for insufficiency of appeal bond, and an exception to the order of dismissal, the court held such appellant was entitled to the benefit of the provision in case of appeals from judgments in justice's court; that he should in no wise be prejudiced by reason of the insufficiency of the appeal bond, provided he would, in a reasonable time, to be fixed by the court, execute and file a good and sufficient bond, and that the appeal should not have been dismissed except on failure to file a good and sufficient bond within

the time fixed by the court. The same rule with respect to rights of appellants in appeals from Probate Courts is held in Frizell v. Rogers, 82 Ill. 109. Appellees concede this to be the law, but say before an appellant can amend an appeal bond he must have a standing in court; that Dunaway and Brown had no right to litigate this matter and therefore no right to appeal. We have already held adversely to this contention.

As to Goodall, it is said he made no attempt to comply with the order of the court within the twenty days, and no leave to file separate appeal bonds was asked until September 23, 1893. Doubtless the law is that the order should be complied with, subject to the rule above mentioned, that if appellants in good faith attempted to comply with such order by filing an appeal bond within the time, and a motion to dismiss appeal for insufficiency of bond, or because it was not such a bond as the order contemplated, leave should be given, on cross-motion, to amend bond, or file sufficient bond, and the motion to dismiss be overruled. The record discloses such attempt in good faith by appellants to comply with the order, by filing in apt time a bond intended as a joint bond, and such a bond as they doubtless believed was required by the order, and no objection thereto was made known to them until several terms of the Circuit Court had elapsed, when the motion to dismiss was filed, and defendants in error at once entered said cross-motion. The appeal bond was defective, in form at least, but the executing and filing it within the twenty days fixed by the order, was an honest attempt to comply therewith, and brought the plaintiffs in error within operation of the rule announced in the cases cited and entitled them to the benefits of its application in support of their cross-motion. In our judgment the court erred in overruling the same and in dismissing the appeal.

The judgment is reversed and the cause is remanded, with directions to the Circuit Court to grant leave to plaintiffs in error to file an amended and sufficient appeal bond, within a reasonable time, to be fixed by the court. Reversed and remanded.