In re Estate of Margaret O'Donnell, Deceased, R. R. Funk, Administrator.

Gen. No. 9,367.

374

Opinon filed February 24, 1943. Rehearing denied May 4, 1943.

A. M. FITZGERALD and WALTER T. DAY, both of Springfield, for appellant.

R. M. RIGGS, of Winchester, and A. W. SCHIMMEL, of Pittsfield, for appellees.

MR. JUSTICE DADY delivered the opinion of the court.

On April 21, 1938, the county court of Scott county entered an order revoking letters of administration in the estate of Margaret O'Donnell, deceased, which letters had theretofore been issued out of said court to R. R. Funk, as public administrator. Funk as such administrator attempted to take an appeal from such order to the circuit court of Scott county. Appellees state in their brief, and as the record shows nothing to the contrary, we will assume that the attempted appeal was taken without any order from the county court granting leave to appeal and fixing the amount of the appeal bond, but simply by the filing in the county court of the appeal bond hereinafter set forth and having the same approved by the judge of the county court, and by thereafter filing in the circuit court the transcript on appeal, including such bond.

On May 10, 1938, there was filed in said county court and approved by the then judge of said court, in the matter of said estate, an appeal bond in words and figures as follows:

''Know all men by these presents, That we R. R. Funk and A. M. Fitzgerald and Walter T. Day as principal, are held and firmly bound unto A. M. Fitzgerald and

Walter T. Day as sureties, in the penal sum of $100.00, for the payment of which . . . we . . . bind ourselves . . . jointly and severally, firmly by these presents. . . .

"The condition of the above obligation is such, that whereas, the said Cletus O'Donnell and Kathryn Green did on the 21st day of April, 1938, in the county court . . . obtain a certain judgment or order therein revoking letters of administration heretofore issued to said R. R. Funk, administrator, from which said order the said R. R. Funk, as administrator has prayed for and obtained an appeal to the circuit court of said county.

"Now, if the said R. R. Funk, administrator, shall prosecute his appeal with effect and shall pay all costs occasioned by said appeal, then the above obligation to be void, otherwise to remain in full force and effect.

R. R. Funk (Seal)
A. M. Fitzgerald (Seal)
Walter T. Day (Seal)"

On May 11, 1938, a transcript of the proceedings in the county court, together with such appeal bond, were filed in the circuit court. No further proceedings appear to have been had in the circuit court until February 19, 1942, on which date the two sole heirs-at-law of the decedent, who are the appellees herein, filed and entered in the circuit court their special appearance for the sole purpose of moving to dismiss the appeal for the reason that "1. No appeal bond was ever filed in said cause, 2. No appeal bond was filed within the time prescribed by statute to perfect said appeal." On the same day Funk, as administrator, as appellant, entered in the circuit court his cross motion for leave to file a proper bond.

On April 30, 1942, the circuit court entered an order dismissing the appeal on the gound that no appeal was

taken or perfected by R. R. Funk, as administrator for the estate of the decedent.

Funk, as administrator, brings this appeal from such judgment of the circuit court.

While such order of dismissal did not expressly state that the cross motion for leave to file a proper bond was denied, the effect of such order was to deny the cross motion.

Appellees contend that the appeal was properly dismissed because the record does not show any prayer for appeal to the circuit court or any order of the county court allowing such appeal or setting forth the conditions of the appeal bond.

The only case cited by appellees as authority for the proposition that an appeal cannot be taken without a prior order of court allowing the same is *Knox v. Maher,* 261 Ill. App. 159. The *Knox* case involved an appeal from an order of the probate court, the procedure in which was expressly governed by section 11 of the Probate Courts Act (par. 309, ch. 37, Ill. Rev. Stat. 1939). Such section concerns only appeals from the probate court and has no reference to appeals from the county court in probate matters.

The appeal in the present case was taken from an order of the county court sitting in probate, and at the time the appeal was taken there were two statutes setting forth the procedure which might be followed in perfecting the appeal. Section 124 of the Act of 1872 on "Administration of Estates" (par. 126, ch. 3, Ill. Rev. Stat. 1939), as amended in 1937, provided that "Appeals shall be allowed from all judgments, orders, . . . of the county court, in all matters arising under this act, to the circuit court, in favor of any person who may consider himself aggrieved by any judgment, order . . . of such court . . . as in other civil cases, and bonds with security to be fixed by the county . . . court." Section 122 of the County Courts Act of 1874 (par. 294, ch. 37, Ill. Rev. Stat. 1939

[Jones Ill. Stats. Ann. 36.176]) provided that ''Appeals may be taken from the final orders . . . of the county courts to the circuit courts . . . in all matters . . . upon the appellant giving bond and security in such amount and upon such conditions as the court shall approve, except as otherwise provided by law. . . .''

The first question to be determined is whether the procedure laid down for the taking of appeals under section 122 of the County Courts Act, which act was passed two years after the Administration of Estates Act, superseded the procedure provided for under section 124 of the Administration of Estates Act. In *Lewis v. Flowree,* 32 Ill. App. 314, the court considered this precise question and stated at page 316 ''There is no necessary repugnance between sec. 124, ch. 3, and the section last quoted (being sec. 122 of the County Courts Act). Both may stand and either may be invoked in taking an appeal from the county to the circuit court. *Bruce v. Schuyler,* 4 Gilm. 221; *Fowler v. Pirkins,* 77 Ill. 271; *Steele v. Steele,* 89 Ill. 51.''

We do not regard the case of *Hall v. First Nat. Bank of Pittsfield,* 330 Ill. 234, as opposed to the doctrine laid down in the *Lewis* case. In the *Hall* case the court was concerned only with an unsuccessful attempt to perfect an appeal which had been initiated under section 122 of the County Courts Act. The opinion contains no discussion of section 124 of the Administration of Estates Act or of any of the prior decisions of our courts of review on the question involved and we do not regard it as overruling the express holding of the *Lewis* case, *supra.*

Where an appeal is taken under section 124 of the Administration of Estates Act no order of court is required granting the appeal and fixing the conditions of the appeal bond. (*Mundy v. Mundy,* 230 Ill. App. 266.) In taking appeals under section 124, the same

procedure applies as in appealing from justices of the peace. (See *Hepner v. Hepner*, 112 Ill. App. 598, and cases there cited.)

Under the authority of the *Mundy* case, *supra,* we think that the filing of the appeal bond by the appellant without securing any order of court was sufficient to perfect the appeal provided that the appeal was in other respects regular.

We now come to the appellees' contention that the bond in question was not a sufficient bond on which to base the appeal but was in fact a nullity. Appellees criticise the bond in these respects: 1. The bond does not name any proper obligees as Funk and the two individuals signing the bond as obligors are also named as obligees in the bond, instead of appellees; 2. the bond fails to refer to any estate whatever; and, 3. the bond names Funk individually as principal instead of Funk as administrator.

Although the bond in this case is extremely informal, it has been the uniform policy of our courts of appeal to be liberal in the granting of a cross motion to file a proper appeal bond, especially where the appeal was apparently taken in good faith and a fair endeavor was made to perfect the appeal.

The following are only a few of the many cases which enunciate this policy:

In *Schofield v. Thomas*, 231 Ill. 114, an appeal was taken by Schofield from the probate court to the circuit court. In the circuit court Thomas moved that the appeal be dismissed for want of jurisdiction, which motion the circuit court denied. On appeal to the Supreme Court, that court said that the appeal bond was insufficient because it was payable to the People of the State of Illinois instead of to Thomas, but that "as an attempt was made to file a bond the proper course would have been to have ruled Thomas to file a new bond and only to dismiss the appeal upon a

failure to do so." The Supreme Court reversed and remanded the cause to the circuit court with directions that Schofield be given leave to file a new bond.

In *Dunaway v. Campbell*, 59 Ill. App. 665, three administrators appealed to the circuit court from an order of the county court in probate which directed them to make a restatement of their account. On motion of the appellee the circuit court dismissed the appeal because of the insufficiency of the appeal bond. On review the Appellate Court said: "The appeal bond was defective, in form at least, but the executing and filing it within the twenty days fixed by the order, was an honest attempt to comply therewith, and brought the plaintiffs in error within operation of the rule announced in the cases cited and entitled them to the benefits of its application in support of their cross-motion. In our judgment the court erred in overruling the same and in dismissing the appeal."

*In re Estate of Boening*, 274 Ill. App. 434, an appeal was taken to the circuit court from an order of the probate court allowing a claim. The claimants entered their special appearance in the circuit court and moved that the appeal be dismissed because of the insufficiency of the appeal bond. The circuit court struck the first bond but allowed the filing of a new bond over the objection of the claimants, who still appeared specially. On appeal the Appellate Court held the second bond insufficient, but reversed and remanded the cause with directions to permit the filing of a new appeal bond in the circuit court.

In *Ford v. First Nat. Bank of Stuart, Iowa*, 201 Ill. 120, it appears that in a probate matter Ford had appealed from the county court to the circuit court. On review, the Supreme Court said: "The contention that the court did not have jurisdiction of the case and that the executor was not a party to the bill is insisted upon. This contention is based on the fact that when the bond was filed in the county court to take the case

to the circuit court, Trimble, executor, was not mentioned as an obligee in the bond, and it is insisted, therefore, that he was not a party to the appeal. . . . There was a bond given in proper form and in the amount required by the court, and the omission of the name of the executor, Trimble, as one of the obligees, was but an imperfection or defect that could have, and doubtless would have, been cured had the proper steps been taken.''

In *Griswold v. Smith,* 116 Ill. App. 223, Smith was one of the executors of an estate. After an order had been entered discharging him he moved the probate court to set aside the order and allow his fees as one of the executors; this motion was denied and he appealed to the circuit court. On review the Appellate Court said: ''As a further reason why the circuit court should have dismissed the appeal it is said that the appeal bond to that court is not in conformity with the order granting the appeal in that it allows an appeal to Willis D. Smith, executor, etc. in his representative capacity, whereas the bond is executed by him as an individual. . . . Furthermore, the precise point is made in this court for the first time. Had it been made in the court below, a new bond might have been filed.'' On further appeal this holding was affirmed by the Supreme Court in 221 Ill. 341.

We think that appellant has at least shown an attempt made in good faith to execute an appeal bond, and that the circuit court erred in refusing to grant appellant's cross motion for leave to file a good and sufficient bond within a reasonable time.

Appellees make the further point that the bond was improperly approved by L. ALLEN WATT as county judge instead of by LEE CAPPS as county judge, the latter judge having heard the cause on a change of venue from Judge WATT, and Judge CAPPS having signed the order of dismissal. No authority is cited on this question by either party. Notwithstanding the

change of venue, the fact remains that Judge WATT was the judge of the county court at the time he so approved the bond, and under the authorities already cited we believe such approval was at most a mere irregularity that could be cured by the filing of a proper bond, and not such an irregularity as would justify the dismissal of the appeal. No specific objection was made on this point in the circuit court and if this was such a defect as could have been cured had objection been made, any irregularity, if there was one, will be considered as waived. (*Griswold v. Smith, supra.*) In *Hepner v. Hepner,* 112 Ill. App. 598, an appeal was taken under section 124 of the Administration Act and under the direction of the court the bond was erroneously approved by the clerk of the court rather than by the court itself. When a motion was made to dismiss the appeal by reason of this irregularity, the appellant made a cross motion to correct the irregularity and the court held that such cross motion should have been allowed.

For the reasons indicated the judgment of the circuit court is reversed, and the cause is remanded to that court with directions to that court to allow the cross motion of appellant to file a good and sufficient appeal bond within a reasonable time to be fixed by such court, and if such bond is filed and approved to then deny the motion to dismiss the appeal.

*Reversed and remanded with directions.*