IN RE ESTATE OF CARL J. GELIN.
ROBERT GELIN v. ANNE E. GELIN.[1]

May 20, 1949.

No. 34,994.

*Cummins, Cummins, Christianson & Hammond,* for appellant.
*B. H. Loftsgaarden,* for respondent.

PER CURIAM.

Motion to dismiss an appeal to this court on the ground that appellant failed to comply with M. S. A. 605.10 and 605.18 by failing to serve respondent with a copy of the required bond or notice of a cash deposit with the clerk of the district court of Ramsey county notwithstanding a statutory bond had been filed with the clerk of the district court. The appeal is from a judgment of the district court for Ramsey county affirming the order of the probate court in allowing a final account, corrected and amended, of Anne E. Gelin, executrix of the estate of Carl J. Gelin.

On April 4, 1949, the attorney for Robert Gelin, appellant, served a notice of appeal on the attorney for respondent. There was at that time no notice of a bond or notice of deposit attached to this notice of appeal. No other notice of bond or deposit was served until May 4, 1949, on the attorney for respondent, who had not waived a notice or right to have a copy of such bond served.

Counsel for appellant, by affidavit, stated that he had served a true and correct copy of the appeal bond on respondent's counsel, but through inadvertence and mistake failed to serve a notice of bond at the same time as notice of appeal. The notice of appeal bond was served on May 4, 1949, as soon as the defect was discovered.

The question is whether the service of notice of the bond one month after the notice of appeal could cure a defect in failing to serve a copy of the bond at the time of service of notice of appeal, as required by § 605.18, in

---

[1]Reported in 37 N. W. (2d) 538.

absence of a showing of prejudice to respondent because of the delay or bad faith.

Respondent relies on § 605.18, which reads:

"The bonds in the several cases of appeals provided for in sections 605.10 to 605.13, and 605.15, or such of them as may be required in any case, may be in one instrument or several, at the option of the appellant; *and a copy, including the name and residence of each surety, shall be served on the adverse party with the notice of appeal,* unless a deposit be made as provided in section 605.10 and notice thereof given." (Italics supplied.)

Respondent emphasizes that the words *"shall* be served on the adverse party with the notice of appeal," should be construed as mandatory, relying on the concurring opinion in In re Estate of Van Sloun, 199 Minn. 434, 272 N. W. 261. Subsequent to the Van Sloun decision, the probate code was amended by L. 1937, c. 435, to the effect that service of the bond on appeal from the probate court was not jurisdictional. In re Estate of Dahn, 203 Minn. 19, 279 N. W. 715. The amendments to the statute in effect overruled the Van Sloun case. See, the Honorable Albin S. Pearson's *Probate Code Amendments of 1937,* 21 Minn. L. Rev. 877, 889-890, discussing the Van Sloun case and explaining the 1937 curative amendment. A similar curative section appears in § 605.03, pertaining to appeals from the district court.[2] Cases construing this section have assumed that "the court" to grant relief was the supreme court. Cf. In re Estate of Hore, 220 Minn. 365, 369, 19 N. W. (2d) 778, 780, 160 A. L. R. 1064; Watier v. Buth, 87 Minn. 205, 91 N. W. 756, 92 N. W. 331.

It is well settled that service of the bond on appeal is not jurisdictional in the case of appeals to this court. Failure to serve the bond is a mere "irregularity." Barrett v. Smith, 184 Minn. 107, 237 N. W. 881. Cf. Watier v. Buth, *supra;* cf. also, Geddes v. Broman, 209 Minn. 603, 295 N. W. 518; Hotel & R. E. Union v. Hotel & R. E. Int'l Alliance, 211 Minn. 616, 1 N. W. (2d) 133; Sworski v. Colman, 203 Minn. 545, 282 N. W. 276. See, dissenting opinion of Mr. Justice Stone in In re Estate of Van Sloun, 199 Minn. 434, 439, 441, 272 N. W. 261, 266. The rule governing these cases is that the inadvertence or mistake of counsel should not preclude appellant from having the appeal heard and determined. Of course, this court should not exercise its discretion to permit correction of the mistake where there has been prejudice to the opposite party. In re Guardianship of Hudson, 228 Minn. 508, 37 N. W. (2d) 742.

[2] "* * * When a party, in good faith, gives notice of appeal from a judgment or order, and omits, through mistake, to do any other act necessary to perfect the appeal, or to stay proceedings, the court may permit an amendment on such terms as may be just."

In the instant case no prejudice is shown to respondent by the affidavit of counsel nor in his briefs. The fact that parties in other actions may be compelled to travel long distances to find out whether an appeal bond had been filed cannot control this case. The notice of appeal bond was sent to respondent's counsel as soon as the mistake was discovered, so appellant has acted in apparent good faith. The defect is cured. Appellant will not be denied appeal on nonjurisdictional defects in the absence of a clear showing of bad faith or prejudice to the opposing party. § 605.03.

The motion to dismiss is denied.