# IN RE PETITION TO ENLARGE, ETC., COUNTY DITCH NO. 27, RENVILLE COUNTY.
## HUGH J. CARSON, APPELLANT.[1]

January 5, 1951.

Nos. 35,139, 35,202.

---

[1]Reported in 45 N. W. (2d) 555.

*Somsen & Somsen,* for appellant.

*Lauerman & Pfeiffer* and *Russell Frazee,* County Attorney, for respondents.

CHRISTIANSON, JUSTICE.

Appeal from an order of the district court dismissing the appeal of Hugh J. Carson from an order of the board of county commissioners establishing county ditch No. 27, Renville county. Carson also appeals from an order denying his motion to vacate and set aside the prior order dismissing his appeal from the order of the county board. The two appeals have been consolidated for review by this court.

In June 1947, proceedings were instituted by respondents for the improvement and extension of county ditch No. 27 by the filing of an appropriate petition with the county auditor of Renville county pursuant to M. S. A. 106.501. After the viewers' report was filed, the county board on September 27, 1948, filed its order establishing the ditch and confirming an assessment of benefits and award of damages as to the lands affected. Appellant, being dissatisfied with the assessments made against him, employed counsel to appeal on his behalf from the order of the board. His notice of appeal to the district court, dated October 16, 1948, was filed with the county auditor on October 18, 1948, and with the clerk of the district court on October 21, 1948. An instrument purporting to be an appeal bond, dated October 16, 1948, was also filed with the county auditor and the clerk of court on October 18 and October 21, respectively. This instrument was duly executed by appellant but was not signed by any sureties. A cashier's check for $250, issued by the First National Bank of Fairfax, Minnesota, payable to the

county auditor, was filed at the same time. The purported appeal bond was endorsed by the county auditor as follows:

"The within bond and the sureties therein are hereby approved this 18 day of October, 1948. C. A. Strom, County Auditor."

Thereafter, respondents moved to dismiss the appeal to the district court on the grounds (1) that the notice of appeal did not comply with § 106.631, subd. 2(b), and (2) that no appeal bond was filed as required by § 106.631, subd. 2(b). The district court granted respondents' motion and dismissed the appeal by its order of September 28, 1949. Subsequently, appellant moved the district court for an order vacating and setting aside its order dismissing his appeal. Pursuant to an order to show cause issued October 24, 1949, appellant's motion to vacate the prior order of dismissal came on for hearing before the court on October 27, 1949. On the same day, appellant served notice of appeal to this court from the district court's order dismissing the appeal. The time within which to appeal to this court from the order dismissing the appeal would have expired the next day. On November 3, 1949, the district court made an order vacating the order to show cause previously issued and thereby denied appellant's motion to vacate the prior order dismissing his appeal to the district court. Appellant's present counsel were substituted as attorneys for him after the district court dismissed his appeal.

Respondents urge that the defects in the notice of appeal and in the bond result in a failure to invest the district court with jurisdiction. Prior to 1947, M. S. A. 106.89 governed all appeals to the district court from orders of the county board in ditch proceedings determining the amount of damages awarded or benefits assessed to affected land. This section set out the following requirements:

"* * * To render the appeal effectual the appellant shall file with the county auditor, in county drainage proceedings, or with the clerk of the district court, in judicial proceedings, within 30 days of the date of such final order, a notice of appeal which shall briefly state the grounds upon which the appeal is taken * * *."

The grounds upon which the appeal to the district court was taken are set out in the notice of appeal as follows:

"1. That the amount of benefits to the undersigned on account of the enlarging, widening, deepening and extending County Ditch No. 27 is in excess of the actual benefit to the land owned by him.

"2. That the amount of damages allowed to the undersigned on account of enlarging, widening deepening and extending County Ditch No. 27 is inadequate and far less than the actual damage that will be caused him by said proceedings.

"The undersigned hereby demands a jury trial to determine the amount of benefits assessed against him, and the amount of damages allowed to him, by reason of the ditch proceedings above described.

"Dated October 16, 1948.

"/s/ Hugh J. Carson,

Appellant."

From a comparison between the statute just cited and the notice of appeal, it can be readily seen that it was this section of the statute under which the notice of appeal was prepared, although this section was repealed by L. 1947, c. 143, § 67, effective March 25, 1947. The new statute enacted by the 1947 legislature, which was the one controlling at the time the appeal was taken, is § 106.631, subd. 2(b), which provides in part as follows:

"To render the appeal effectual, the appellant shall file with the auditor or clerk within 30 days of the date of such final order a notice of appeal which shall state the particular benefits or damages appealed from and the ground upon which the appeal is taken."

The 1947 law added a requirement to the notice of appeal that was not in the previous law. Respondents argue that by this change in the law it was the obvious legislative intent that the notice of appeal should state the particular benefits or damages appealed from and the ground upon which the appeal was taken, and that failure to do so is of a serious nature and goes to the jurisdiction of the district court, for the reason that § 106.631, subd. 2(a), provides

that any person appealing on the grounds of benefits determined or damages allowed may include and have considered and determined benefits or damages affecting property other than his own. Respondents argue that from a reading of these statutes, unless the benefits or damages appealed from are stated clearly and in a particular itemized form, much confusion and uncertainty would result in the appellate courts, and that it would not be clear whether an appeal was taken from benefits and damages affecting only the lands of appellant or whether it also included benefits and damages affecting property other than his own.

We agree with respondents that the notice of appeal and the bond are both defective, the former in failing to state with particularity the benefits and damages appealed from, and the latter in failing to have "sufficient surety," as required by statute. However, we do not agree that the defects are of such a character as to fail to invest the district court with jurisdiction to hear the matter on the merits. To hold that the appellate jurisdiction of the district court is dependent upon meeting with exactness the requirements of the statute in every particular would be technical in the extreme and "characterized with a degree of illiberality which does not obtain anywhere else in the practice in civil actions, and is not in accordance with the maxim that appeals from inferior tribunals are favored in law." Riley v. Mitchell, 38 Minn. 9, 12, 35 N. W. 472, 473. We quote extensively from the opinion of Mr. Justice Mitchell in that case:

"* * * But it is quite another thing to hold that every irregularity or defect in matters intended solely for the benefit of the respondent, such as the appeal-bond, goes to the jurisdiction of the court over the subject-matter. It seems uncontested that, when the original jurisdiction of a court is invoked over a subject-matter within such jurisdiction, it should have power, in furtherance of justice, to amend any process, pleading, or proceeding, and yet, when its appellate jurisdiction is invoked under like circumstances, it should have no such power in any case. It is unnecessary here

to determine just what defects or irregularities in appeal proceedings are jurisdictional, and what are not. Confining ourselves to the facts of this case, we are of opinion that where the other proceedings in an appeal from probate court are in due form, a defect in the appeal-bond, filed in due time, does not go to the jurisdiction of the district court over the subject-matter of the appeal, but is a mere irregularity, which the respondent, for whose benefit alone the bond is required, may waive, or *which the appellate court may allow to be remedied,* either by amending the bond or giving a new one. Such a rule is so eminently just and reasonable that many states have adopted it by statute as applicable to all appeals in judicial proceedings from one court to another. While we have no such provision expressly applicable to appeals from probate court under chapter 53, yet we have substantially similar ones as to appeals from justice's court to the district court, and from the district court to the supreme court; and a somewhat similar power seems to be conferred on the district court in case of appeals from the probate court under chapter 49, all of which goes to show that the general policy and theory of our statutes relating to appeals in judicial proceedings is that a defect in the appeal-bond does not go to the jurisdiction, but may be waived by the respondent, or *remedied in the appellate court.*" (Italics supplied.)

The appeal from the order of the district court dismissing the appeal from the action of the county board, under the facts and circumstances here, is in reality no more than an application to this court by appellant to be relieved of his default in failing to comply strictly with the statutory requirements relating to the notice of appeal and the bond. Since the defects were not jurisdictional in character, it was within the power of the district court to make such amendments or changes as might have been necessary to permit the case to be heard on the merits. Having sought and not having secured this relief below, it is incumbent upon this court to see that appellant has his day in court. The mistakes here are those of his former counsel and to some extent are excusable, par-

ticularly with reference to the notice of appeal, for the statute governing this appeal was amended but a few months prior to the institution of these proceedings. In In re Estate of Slingerland, 196 Minn. 354, 358, 265 N. W. 21, 23, we recognized that a statute recently enacted may be misconstrued and there stated: "It is a case of wrong interpretation of the statute which is so apt to occur whenever a new code is adopted."

The rule governing these cases is that the inadvertence or mistake of counsel should not preclude appellant from having the appeal heard and determined.[2] Of course, this court should not exercise its discretion to permit the correction of the mistake where there has been prejudice to the opposing party. See, In re Guardianship of Hudson, 228 Minn. 508, 37 N. W. (2d) 742; In re Estate of Gelin, 228 Minn. 568, 37 N. W. (2d) 538. No such prejudice has been shown or claimed by respondents in the instant case. From the notice it is obvious that it refers to the particular proceeding involved, and it is clear that Hugh J. Carson, the person who signed the notice, is the appellant and the person in whose name and in whose behalf the appeal is taken. It is clear from the language of the notice that the appeal is based upon the amount of benefits assessed against appellant and the amount of damages allowed him. Respondents' only claim is that it would not be clear whether the appeal was from benefits and damages affecting only the lands of appellant or whether it also included benefits and damages affecting property other than his own. We regard this contention as without merit. Appellant will not be denied the right of an appeal on the ground of nonjurisdictional defects in the absence of a clear showing of bad faith and prejudice to the opposing party.

■ Taking this view of the case, it is immaterial that the rule of Bennett v. Johnson, 230 Minn. 404, 42 N. W. (2d) 44, is applicable to the second appeal involved here, i. e., the appeal from the

[2] In re Estate of Gelin, 228 Minn. 568, 37 N. W. (2d) 538; In re Guardianship of Hudson, 228 Minn. 508, 37 N. W. (2d) 742; In re Estate of Dahn, 203 Minn. 19, 279 N. W. 715; Kennedy v. Torodor, 201 Minn. 422, 276 N. W. 650; In re Estate of Slingerland, 196 Minn. 354, 265 N. W. 21.

order of the district court vacating its order to show cause and thereby denying appellant's motion to vacate the order dismissing his appeal from the order of the county board. The Bennett case establishes the rule in this state that an order refusing to vacate an appealable order is not appealable.

It is our opinion that the order of the district court dismissing the appeal from the order of the county board should be reversed, with directions to allow such amendments or corrections as will permit the appeal to be heard on the merits. The appeal from the order of the district court vacating its order to show cause and thereby denying the motion to vacate the order dismissing the appeal from the order of the county board is dismissed as a non-appealable order.

So ordered.