Wendelin HAMAN, Claimant and Appellant,

v.

McHENRY COUNTY, a political subdivision of the State of North Dakota, the Board of County Commissioners of McHenry County and the State Highway Commissioner of the State of North Dakota, Respondents.

No. 7542.

Supreme Court of North Dakota.

Oct. 26, 1955.

Friederich & Ziegler, Rugby, for claimant and appellant.

Leslie R. Burgum, Atty. Gen., Vernon R. Pederson, Sp. Asst. Atty. Gen., J. C. McIntee, State's Atty. of McHenry County, Towner, for respondent S. W. Thompson as State Highway Commissioner.

MORRIS, Judge.

The state highway commissioner sought to obtain from Wendelin Haman .35 acres of land for highway purposes. The commissioner being unable to purchase the land, proceedings in the nature of eminent domain were brought before the board of county commissioners of McHenry County pursuant to Section 24-0119, NDRC 1953 Supp. A public hearing was held before the board on July 7, 1954, and an award of three hundred dollars made to the landowner. The

landowner appealed to the district court, whereupon the commissioner moved to dismiss the appeal on the ground that the district court had no jurisdiction to hear and determine it. At the hearing on the motion the commissioner sought dismissal of the appeal on the grounds that the notice of appeal was not served within the time prescribed by law and that the appellant owner had failed to file an undertaking for costs that complied with statutory requirements.

The order from which this appeal is taken recites:

"The above entitled matter having regularly come on for a hearing before this Court on the 18th day of November 1954, upon a motion of the Respondents for a dismissal of an appeal from an award made by the Board of County Commissioners of McHenry County, North Dakota on the 7th day of July 1954, in a condemnation proceeding wherein the State Highway Commissioner sought to condemn certain lands belonging to the Claimant-Appellant;

"Ray R. Friederich appearing as attorney for the Claimant-Appellant and Victor V. Stiehm, State's Attorney of McHenry County and Vernon R. Pederson, Special Assistant Attorney General for the State Highway Department entering a special appearance for Respondents and objecting to the jurisdiction of this Court to hear this appeal, alleging that said appeal was not taken within the statutory time required by law and having moved for a dismissal of the appeal as aforesaid;

"And the Respondents herein having filed in support of said motion to dismiss, affidavits of one Anton Burkhard, County Auditor of McHenry County and S. W. Thompson, State Highway Commissioner, and the Court having duly considered same and heard the arguments and received the briefs of the respective counsel, and being fully advised in the premises, having found the service of the Notice of Appeal to have been made after the statutory time for taking said appeal, and the Court

being therefore without jurisdiction in the matter, and having filed its Memo. Decision to that effect;

"It Is Hereby Ordered that said appeal be and is in all things dismissed."

The authority of the state highway commissioner to acquire land for use as a part of the state highway system derives from Chapter 177, SLND 1953, which is now Chapter 24–01, NDRC 1953 Supp. If the commissioner is unable to purchase the land at what he deems a reasonable valuation he may on petition proceed before the commissioners of the county where the land is situated to have a proper award made by the commissioners in the manner provided by Chapter 7 of Title 24, NDRC 1943. See Section 24–0119, NDRC 1953 Supp. The award appears to have been made by the board of county commissioners of McHenry County on July 7, 1954. This is shown by a written award signed by the members of the county board. The award bears no filing date. The affidavit of the county auditor made in connection with the motion to dismiss confirms the date of the award but does not state when or where, if at all, the award was filed.

Section 24–0716 dealing with procedure for the ascertainment of damages by the board of county commissioners, or in some instances by the board of township supervisors, provides:

"The board having jurisdiction shall assess the damages at what it deems just and right to each individual claimant with whom it cannot agree. The board of township supervisors shall deposit a statement of the amount of damages assessed with the township clerk, and the board of county commissioners shall deposit the same with the county auditor. The auditor or clerk shall note the time of filing the same."

The provision for filing appears to have been disregarded by the county auditor.

Section 24–0722, NDRC 1943, provides that any person who feels himself aggrieved by any determination or award of damages

"within thirty days after the filing of such determination or award of damages, as provided in this chapter, may appeal therefrom."

Section 24–0723 provides that an appeal may be taken "by the service and filing of a notice of appeal and an undertaking for costs."

Section 24–0724, NDRC 1943, contains the provision that

"If the appeal is taken to the district court, the notice of appeal and undertaking shall be filed with the clerk of such court and the undertaking must be approved by the judge thereof or by the county auditor."

The provisions of Chapter 24–07 to which we have referred are designed to govern boards of county commissioners and township supervisors in the acquisition of rights of way for highways and apply to state highway system acquisitions by references contained in Section 24–0119, NDRC 1953 Supp. heretofore noted and by Section 24–0123, NDRC 1953 Supp. which provides:

"Any party aggrieved by the proceedings of the commissioner in the taking of land or materials, or by the estimate of damages and the award of the board of county commissioners shall have the remedies provided in this title for appeal from any determination of a board of county commissioners in the taking of land for highway purposes. Service of a written or printed notice of such appeal shall be made upon the chairman of the board of county commissioners and the commissioner. An appeal from the award by the board of county commissioners, without filing a cost bond, may be taken by the commissioner, by service of notice of appeal upon the chairman of the board of county commissioners and the owner of the property, in the manner provided by law for the service of a summons in a civil action. Upon any appeal, the commissioner, on application to the judge of the district court, shall be granted a special term of court, in the manner provided in cases of eminent domain in the title judicial procedure, civil."

In this case the notice of appeal and undertaking were served on the state highway commissioner and were filed in the office of the clerk of the district court of McHenry County on August 9, 1954. August 8 fell on Sunday. The landowner had thirty days in which to appeal. If that period began to run on July 9 or thereafter the service and filing were in time. If the thirty day period began to run on the date of the award, July 7, as the commissioner contends, the appeal was not taken in time.

■ The burden is on the commissioner, as movant for the dismissal of the appeal, to show that the period within which an appeal might be taken began to run more than thirty days prior to the service of the notice of appeal and undertaking. Knutsen v. Krook, 111 Minn. 352, 127 N.W. 11, 20 Ann.Cas. 852. In an attempt to sustain this burden and support the contention that the period began to run from the date of the award by the board of county commissioners he points to Section 24–0122, NDRC 1953 Supp. which provides:

"At the expiration of thirty days from the award by the board of county commissioners from which no appeal has been taken as provided in section 95 of this Act (24–0123), whenever such money shall have been deposited in the office of the clerk of court, the receipt of the owners of said property, or of such clerk of court, shall be recorded in the office of the register of deeds of the county in which such real estate is situated, and the title to the land or materials thereupon shall be vested in the state."

■ The most that can be said for the commissioner's position is that there appears to be a possible inconsistency between Section 24–0122, NDRC 1953 Supp. and the appellate procedure provided by Chapter 7 of Title 24 when applied to an award that was not filed in the office of the county auditor on the day it was made by the county

commissioners. Section 24-0122 permits the recording of a receipt of the clerk of court and the vesting of title in the state at the expiration of thirty days from the award while an appeal may be taken within thirty days after the filing of the award in the office of the county auditor, which may or may not be filed on the day the award is made. Sections 24-0716 and 24-0722, ND RC 1943. The right of appeal is plainly provided for by these sections and insofar as there appears to be any inconsistency, Section 24-0122 must yield. The right of appeal is remedial and favored in the law. Kneeland v. Ethicon Suture Laboratories, 113 Cal.App.2d 335, 248 P.2d 447; Tims v. Holland Furnace Co., 152 Ohio St. 469, 90 N.E.2d 376; Perry v. Baskey, 158 Ohio St. 151, 107 N.E.2d 328; Beronio v. Pension Commission of City of Hoboken, 130 N.J.L. 620, 33 A.2d 855; Wadleigh v. State, 108 Kan. 682, 197 P. 217; In re Petition to Enlarge, etc., 232 Minn. 329, 45 N.W.2d 555; 4 C.J.S., Appeal and Error, § 20.

> "The right of appeal is remedial, and in doubtful cases the doubt should be resolved in favor of the right whenever the substantial interests of a party are affected by a judgment * * *." People v. Bank of San Luis Obispo, 152 Cal. 261, 92 P. 481, 482.

Under the provisions of Section 24-0716, NDRC 1943 the statement of the amount of damages assessed by the board of county commissioners must be filed with the county auditor who shall note the time of filing. Under Section 24-0722, NDRC 1943 a person aggrieved by the awarded damages may appeal within thirty days after the filing of the award. We deem the provision with regard to filing important for it fixes the place to which the property owner may go to ascertain what award has been made. There is no provision in the statute for giving him notice of the award. It is not made available to him in any other manner than by filing in the office of the county auditor. Until that act has been performed an award that has been made has no definite place of repose. In this case the record is silent as to the time of filing. The only document from which it might be inferred

that the award was filed at all is a receipt of the county treasurer acknowledging that he received from the county auditor three hundred dollars on behalf of the clerk of court for the condemnation of the land in question. This receipt is dated July 9, 1954. If we assume that the award was filed by the auditor on the date that he paid the amount awarded and the receipt was issued, the thirty day period for appeal would expire on August 8, 1954, but that date being on Sunday, the appellant would have the following day within which to perfect his appeal. Section 1-0305, NDRC 1943. This the landowner did by serving and filing a notice of appeal and undertaking on August 9. The court erred in determining that the notice of appeal was served after the statutory time for taking the appeal had expired.

The trial court dismissed the appeal on the sole ground that the notice of appeal was not served within the time prescribed by statute. As to the contention that the undertaking was defective, he ruled in open court that he would permit the undertaking to be corrected. The commissioner contends that the undertaking was so defective as to amount to no undertaking at all and that under our holding in Peterson v. State Highway Commissioner, N.D., 63 N.W.2d 138, the failure to file an undertaking for costs renders the appeal ineffective. In that case no undertaking at all was either served or filed and its absence was held to be jurisdictional. In this case an undertaking was both served and filed. The question is whether the undertaking was so defective as to be a complete nullity.

This is an appeal from a determination of the board of county commissioners to the district court. We do not have a statute specifically authorizing the amendment of such appeals as we do in cases where appeals are taken to the supreme court. See Section 28-2726, NDRC 1943 and McLean v. Underdal, 73 N.D. 74, 11 N.W.2d 102. Nevertheless, where upon an appeal from a decision of the board of county commissioners to the district court pursuant to the provisions of Section 24-0123, NDRC

1953 Supp. a valid notice of appeal has been timely served and filed but the accompanying undertaking for costs is defective but not void, the appellate court has jurisdiction of the appeal and may permit the undertaking to be corrected or amended. 3 Am.Jur., Appeal and Error, Section 510; 4 C.J.S., Appeal and Error, § 567. In this case a valid notice of appeal was served and filed in time. The commissioner claims the undertaking was fatally defective in that the obligee named therein was McHenry County and contends that the undertaking should be in favor of him as obligee and that McHenry County was not a proper party to this appeal. He also points out that the undertaking was not approved by the judge or county auditor as required by Section 24–0724, NDRC 1943. These contentions compel further resort to the applicable statutes. We have already pointed out that Section 24–0123, NDRC 1953 Supp. provided that a party aggrieved by the proceedings before the board of county commissioners should "have the remedies provided in this title for appeal from any determination of a board of county commissioners in the taking of land for highway purposes." It is further provided "Service of a written or printed notice of such appeal shall be made upon the chairman of the board of county commissioners and the commissioner." It should be noted that nothing is said about serving an undertaking for costs. Section 24–0724, NDRC 1943 requires it to be filed with the clerk of the district court. The lack of a requirement for service of an undertaking is further emphasized by the provision of Section 24–0123 that:

"An appeal from the award by the board of county commissioners, without filing a cost bond, may be taken by the commissioner, by service of notice of appeal upon the chairman of the board of county commissioners and the owner of the property, in the manner provided by law for the service of a summons in a civil action."

■ This section clearly discloses that either upon appeal by the owner of the property or by the commissioner the notice of appeal must be served upon the chairman of the board of county commissioners, thus indicating an intention that the county be made a party to the appeal, at least to the extent of permitting the board to appear and defend its action, although as we held in Lineburg v. Sandven, 74 N.D. 364, 21 N. W.2d 808, judgment may be rendered against the state highway commissioner alone.

We have searched in vain for a statutory provision requiring the state highway commissioner to be named in the undertaking for costs as an obligee. Section 24–0723, NDRC 1943 provides:

"The undertaking shall be made in favor of the county or township, as the case may be, and shall be conditioned for the payment of all costs that may arise upon such appeal if the determination appealed from shall be affirmed."

■ The landowner in this case has meticulously followed the available statutes in making the undertaking for costs run in favor of the county and in serving the notice of appeal upon both the chairman of the board of county commissioners and the state highway commissioner. There may be an omission in the statute since there is no provision requiring an undertaking for costs in favor of the commissioner although it would seem that the court in the exercise of his discretion might properly require that the commissioner be indemnified. That appears to be what the court did in this case. But the failure to indemnify the commissioner in the first instance when an undertaking has been filed that corresponds to statutory requirements is not a jurisdictional defect that would render the undertaking filed equivalent to no undertaking at all. The court was not without jurisdiction for the reason that no undertaking was filed, as was the case in Peterson v. State Highway Commissioner, supra.

■ The failure of the judge of the district court or the county auditor to approve the undertaking for costs is a nonjurisdictional omission which may be supplied with the permission of the court granted upon the application of the appellant.

In re O'Donnell's Estate, 318 Ill.App. 373, 48 N.E.2d 192.

The notice of appeal having been served and filed in time and there being no jurisdictional defect in the undertaking, the court erred in dismissing the appeal. The order appealed from is reversed.

BURKE, C. J., and SATHRE, JOHNSON and GRIMSON, JJ., concur.