James H. PETERSON, Appellant,

v.

The CITY OF MINNEAPOLIS, et al., Respondents.

No. C5–86–1920.

Court of Appeals of Minnesota.

April 14, 1987.

Review Denied June 9, 1987.

James H. Peterson, Medina, pro se.

Robert Alfton, Minneapolis City Atty., Jerome R. Jallo, Asst. City Atty., Minneapolis, for City of Minneapolis.

Considered and decided by SEDGWICK, P.J., and FOLEY and HUSPENI, JJ., with oral argument waived.

## MEMORANDUM OPINION

### FACTS

HUSPENI, Judge.

Appellant has been employed since 1968 as a City Attorney I with the City of Minneapolis. In 1980 and 1985 he participated in the City Attorney II examinations, but was not given a promotion. Following both examinations, he filed a protest-appeal with the Minneapolis Civil Service Commission (Commission). Following an investigation and a public hearing, the Commission voted on July 10, 1986, to deny the protest-appeal filed in 1980 on the basis of laches. In a separate vote, the Commission also denied the 1985 protest-appeal.

Appellant obtained a writ of certiorari in Hennepin County District Court on August 8, 1986, seeking review of the Commission's decisions.[1] He signed the writ as surety. The writ ordered return of the record by September 9, 1986. On September 8, respondents served appellant with a notice of motion and motion to dismiss the writ, claiming that the surety endorsement was fatally defective. Appellant attempted to remedy the defect by having a colleague sign an affidavit indicating he would serve as a surety. The affidavit was filed with the clerk of court on September 9, but it was not served upon any of the named parties. A hearing on the motion was held on September 23, and on October 16, the district court granted the motion to dismiss the writ.

### DECISION

Minn.Stat. § 606.03 (1986) requires that "Each writ of certiorari in a civil case shall be endorsed by some responsible person as surety for costs." Appellant endorsed the writ as surety and argues that the endorsement was made in his dual capacities of petitioner and attorney. Such an endorsement is not sufficient to satisfy the statutory requirement. As this state's supreme court has observed:

> Suretyship is a tripartite agreement, to which there are three indispensible parties—an obligor, a surety, and an obligee. [Citation omitted.] There can be no true suretyship if any one is lacking.

*Stabs v. City of Tower,* 229 Minn. 552, 563, 40 N.W.2d 362, 370 (1949).

Appellant argues that an affidavit of suretyship by a third party filed with the district court remedied any defect that may have existed in the writ. Minn.Stat. § 606.03 requires that the surety endorse the writ; it does not provide for a separately prepared affidavit. Also, Minn.Stat. § 606.02 mandates that the writ must be served upon the adverse party. Here, the affidavit was not served on the parties but rather was filed with the court.

The Minnesota Supreme Court has stated:

> Certiorari as used in Minnesota is not the common-law writ but, rather, a writ in the nature of certiorari and is employed as in the nature of a writ of error or an appeal. Consequently, proceedings

1. We recognize that actions of a civil service commission are directly appealable to this court. Minn.Stat. § 480A.06 (1986). *See also Neujahr v. Ramsey County Civil Service Commission,* 370 N.W.2d 446, 448 (Minn.Ct.App.1985).

However, the appropriateness of appellant's action in obtaining a writ from the district court has not been presented as an issue on appeal. We will, therefore, address the merits of this appeal as presented by the parties.

thereon are special proceedings within the meaning of our statutes. Our writ of certiorari is statutory and the statutory provisions must be strictly construed.

*State ex rel. Ryan v. Civil Service Commission of City of Minneapolis,* 278 Minn. 296, 301, 154 N.W.2d 192, 196 (1967).

In *Ryan,* the petitioner had filed the original writ and a $500 surety bond with the district court clerk on the same day. The court noted that the writ was not endorsed by a surety and it had not been served as required by statute. Dismissal of the writ was upheld on the basis of non-compliance with the strictly construed requirements of Minn.Stat. § 606.03. Strict construction of the statute also requires dismissal of this writ.

Appellant contends that respondents either waived their right to seek dismissal or are estopped from pursuing such a remedy by waiting until September 8 to serve their motion to dismiss. Minn.Stat. § 606.05 recognizes the right to seek dismissal by motion where the writ has been issued contrary to the provisions of chapter 606. The motion was served prior to the date set for return of the writ, and as a result, neither waiver nor estoppel apply here.

Finally, appellant asserts that if Minn.Stat. ch. 606 is to be strictly construed, it should also be construed in such a manner against respondents. He argues that the motion to dismiss should have been accompanied by an affidavit, as required by Minn.Stat. § 606.05, which provides that a party may have a writ dismissed on "motion and affidavit showing the facts * * *." Here, the motion was accompanied by a memorandum, signed by respondents' counsel, stating the facts regarding the endorsement. We agree that strict construction is applicable, but we conclude that respondents have complied with the requirement that the motion be accompanied by a statement of the facts, although the document was labeled a memorandum rather than an affidavit.

The trial court did not err in dismissing the writ because of appellant's failure to comply with Minn.Stat. § 606.03.

Affirmed.