In the Matter of a COMPLAINT REGARDING the ANNEXATION OF A PORTION OF the SERVICE TERRITORY OF PEOPLES COOPERATIVE POWER ASSOCIATION BY the CITY OF ROCHESTER.

No. C4–88–1895.

Court of Appeals of Minnesota.

Nov. 1, 1988.

Frederick Suhler, Jr., Rochester City Atty., Rochester, for respondent City of Rochester.

Hubert H. Humphrey, III, Atty. Gen., Gregory Dittrich, Sp. Asst. Atty. Gen., St. Paul, for respondent Public Utilities Com'n.

Harold LeVander, Jr., LeVander, Gillen, Miller, Anderson & Kuntz, South St. Paul, for relator Peoples Co-op. Power Ass'n.

Considered at Special Term and decided by WOZNIAK, C.J., and HUSPENI and SCHUMACHER, JJ.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Relator Peoples Cooperative Power Association filed a complaint against respondent City of Rochester, which operates Rochester Public Utilities. Peoples seeks to (a) prevent Rochester from providing utility service to customers in territory recently annexed by the city, (b) require Rochester to pay to acquire the service area from Peoples, and (c) obtain authorization to provide interim service in the area until the question of compensation is determined.

Respondent Public Utilities Commission determined that a contested case hearing is appropriate on the issue of compensation. By order on June 27 the commission authorized Rochester to provide interim service to new customers and Peoples to continue service to existing customers. Peoples sought reconsideration of the commission's denial of a contested case hearing on the interim service question and award to Rochester of interim service rights. Reconsideration was denied and Peoples petitioned this court for certiorari.

The City of Rochester moved to discharge the writ for failure to have it endorsed by a surety. We deny the city's motion. The commission also moved to discharge the writ, arguing the orders are not final or subject to immediate review. We agree with the commission and discharge the writ of certiorari.

### DECISION

If a writ of certiorari is sought under Chapter 606, the face of the writ must be endorsed by a surety. Minn.Stat. § 606.03 (1986). Failure to obtain that endorsement requires that the writ be discharged, even if a separate cost bond is simultaneously provided. *State ex rel. Ryan v. Civil Service Commission of Minneapolis,* 278 Minn. 296, 301, 154 N.W.2d

192, 196 (1967); *Peterson v. City of Minneapolis,* 404 N.W.2d 22, 23–24 (Minn.Ct.App. 1987). However, Chapter 606 has largely been superseded, and it now applies primarily to appeals from school boards and other local agencies. *See In re Pinkney,* 353 N.W.2d 676, 677 (Minn.Ct.App.1984) (discussion of various authorities which control time for certiorari appeals). The writ in this case was not issued pursuant to Chapter 606, and the surety endorsement provision is therefore inapplicable.

Review of decisions and orders of the Public Utilities Commission is obtained "in accordance with chapter 14," the Administrative Procedure Act. Minn.Stat. § 216B.52, subd. 1 (1986). The APA is silent on the need for surety endorsements. The Rules of Civil Appellate Procedure applicable to "review of decisions appealable pursuant to the Administrative Procedure Act" require the filing of a "bond or other security" as specified by statute or this court. Minn.R.Civ.App.P. 115.03, subd. 2. This court's rules require that $500, or a separate cost bond in that amount, be deposited with the trial court or agency. Minn.R.Civ.App.P. 107, subd. 1.

 Failure to deposit a cost bond in accordance with Rule 107 is not jurisdictional. A party may be relieved of its omission if delay in complying with the rule has not prejudiced other parties. *Ladwig & Ladwig, Inc. v. Orlin Ladwig, Inc.,* 372 N.W.2d 408, 411 (Minn.Ct.App.1985). Rochester has claimed no prejudice from Peoples' delay in posting the bond. Peoples promptly submitted $500 in lieu of a bond after the omission was brought to its attention. *See In re Gelin's Estate,* 228 Minn. 568, 570, 37 N.W.2d 538, 539 (1949). Rochester's motion to discharge the writ of certiorari for lack of a surety endorsement is denied.

As previously noted, review of Public Utilities Commission decisions is governed by the Administrative Procedure Act. Minn.Stat. § 216B.52, subd. 1 (1986). Appellate review under the APA is generally limited to decisions that are *final. See* Minn.Stat. § 14.63 (1986). It is undisputed that all issues raised by Peoples' complaint have *not* been finally determined.

The commission has decided the single issue of interim service. While the applicable statute contemplates the issuance of such interlocutory orders, it confers no explicit right to an immediate appeal. Minn. Stat. § 216B.44 (1986) (displaced utility shall maintain service until determination has been made on value of area and facilities to be acquired by municipality, but utility shall not extend service to new customers if commission determines that extension is not in public interest). By analogy, an order establishing an interim rate schedule pending final decision in a rate increase case is not appealable "to a court until the commission has rendered its final determination." Minn.Stat. § 216B.16, subd. 3 (1986). Peoples has presented no compelling reason for us to distinguish the interim service order in this case.

Writ of certiorari discharged.